41869. WATKINS v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

ARGUED MARCH 9, 1966—DECIDED JUNE 8, 1966.

802

*Altman & Johnson, Sol Altman,* for appellant.

*Alexander, Vann & Lilly, Frank T. Holt,* for appellee.

BELL, Presiding Judge. In no sense does the Summary Judgment Act authorize the courts to sit as both judge and jury. *General Gas Corp. v. Carn,* 103 Ga. App. 542, 545 (120 SE2d 156); *Davis v. Holt,* 105 Ga. App. 125, 130 (123 SE2d 686). On motion for summary judgment the court is not authorized to try and resolve issues of fact; the function of the court, and its only authorized function under this procedure, is to determine the existence of a genuine issue of material fact. *Code Ann.* § 110-1203; *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179); Dewey v. Clark, 180 F2d 766, 772.

"A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances. . . A summary judgment is an extreme remedy, and under the rule, should be awarded only when the truth is quite clear." Traylor v. Black, Sivalls & Bryson, 189 F2d 213, 216.

In order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by defendant on motion for summary judgment must unequivocally refute those allegations and must clearly show what is the truth of the matter

alleged. It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's or if it does no more than disclose circumstances under which satisfactory proof of plaintiff's case on trial will be highly unlikely.

Here, the evidence relied upon by defendant did not show that the loss of the jewelry did not occur by the commission of a burglary in the plaintiff's wife's hotel room. The evidence showed only that it was just as likely, or perhaps more likely, that the loss occurred by some other criminal act not amounting to burglary. Thus this evidence did not unequivocally refute any material allegation of the petition and did not clearly show the truth of the matter. The evidence was inconclusive as to the facts alleged in the petition and, being inconclusive in that respect, could not remove the issues of material fact from the case which the petition had raised. On motion for summary judgment, the evidence must be construed most favorably to the party opposing the motion, and he must be given the benefit of all reasonable doubts and of all favorable inferences from it. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408); *Cotton States Mut. Ins. Co. v. Martin*, 110 Ga. App. '309, 311 (138 SE2d 433); *Malcom v. Malcolm*, 112 Ga. App. 151, 154 (144 SE2d 188). "That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court." *Sprague v. Vogt*, 150 F2d 795, 801.

The trial court erred in granting summary judgment for defendant.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*