## 45393. TANKERSLEY v. SECURITY NATIONAL CORPORATION.

EVANS, Judge. This is a summary judgment based on a suit on a note seeking the principal, interest and attorney's fees upon the statutory notice and demand therefor. The suit is brought by the subsidiary corporation of an insurance company by reason of the unconditional endorsement of the note by the agent of the insurance company, as payee, to the subsidiary corporation. The subsidiary corporation is not authorized to do business in the State of Georgia. The note is for 5 years from February 15, 1967, secured by a policy of insurance which "make(s) this note due and payable at once notwithstanding the original due date hereinabove set forth" upon the failure of the maker to pay or cause to be paid any premium due thereafter on the life insurance policy there assigned. The defendant answered, denying the material allegations of the plaintiff's complaint, averring that he is not indebted to the plaintiff whatsoever, and defended upon the ground that the plaintiff was a foreign corporation transacting business in Georgia without a certificate of authority, in violation of the laws of the State of Georgia which would prevent it maintaining this suit; and also filed a counterclaim alleging the plaintiff wilfully and maliciously instituted this action against him, knowing that he was not indebted in any sum whatsoever. Both parties moved for summary judgment based upon admissions, affidavits and interrogatories therein filed. The defendant also requested that the president of the plaintiff corporation be required to come to Georgia from the State of Oklahoma for the purpose of taking his deposition "by way of cross examination in behalf of defendant . . . for the purpose of discovery and impeachment, and said deposition will be used at the trial of said cause as evidence." The lower court quashed defendant's notice to take depositions and request for admissions as irrelevant and without merit, and granted summary judgment in favor of the plaintiff, awarding him interest and attorney's fees as requested. The appeal is from the granting of the motion for summary judgment. *Held:*

1. The court did not err in quashing defendant's request for admissions and notice to take the deposition of the president of the plaintiff corporation since the information therein sought was already admitted or had already been secured by the use of interrogatories, and if any further information was needed it could be secured by further interrogatories.

2. Under Georgia Laws 1968, pp. 565-707, 708, 709, 722 (new Georgia Business Corporation Code §§ 22-1401, 22-1402, 22-1421; *Code Ann.* §§ 22-1401, 22-1402, 22-1421), a foreign corporation shall have the right to maintain a suit and make loans and create or acquire evidence of debt in this State without being considered as transacting business in this State, although if it is found to be transacting business in this State without a certificate of authority it shall not "be permitted to maintain any action, suit or proceeding in any court of this State." Since the subsidiary corporation was here suing on a note it received in making a loan to the agent of an insurance company of which it was a subsidiary this suit could be maintained.

3. *Code* §§ 81-405 and 81-701 involving unconditional contracts in writing and requiring pleas of non est factum as to deeds, bonds, notes, drafts, receipts, orders and other instruments in writing, having been repealed by the Civil Practice Act of 1966, pp. 609, 687, as amended in 1967, pp. 226, 242, 243, 246, 247 and 249 (*Code Ann.* § 81A-201), and the new procedure (Ga. L. 1966, pp. 609, 619, as amended in 1967, pp. 226, 230; *Code Ann.* § 81A-108) not requiring an affirmative defense for unconditional contracts in writing, the general denial of indebtedness here in the defendant's answer, as well as his denial of the plaintiff's request for admissions of facts and genuineness of documents in which he unequivocally denied the genuineness of the note and policy assignment, conflicts with the pleadings, interrogatories and admissions by which the plaintiff sought the summary judgment in this instance.

4. Examination of the alleged statutory notice to sue and demand attorneys' fees shows that it did not comply with *Code* § 20-506(c), as amended (Ga. L. 1946, pp. 761, 766; 1953, pp. 545, 546; 1957, p. 264; 1968, p. 317) in that the maker, endorser or party sought to be held on said obligation shall have "10 days

from the receipt of such notice to pay the principal and interest without the attorneys' fees," and in this instance the notification merely stated that to avoid the attorneys' fees by paying the principal and interest he could do so "within ten (10) days from the date on this note." The statutory notice for attorneys' fees in this instance did not comply with the law unless it be shown by evidence that notice was given in accordance with the statute. See *Adair Realty &c. Co. v. Williams Bros. Lumber Co.*, 112 Ga. App. 16, 17 (143 SE2d 577); *Harrison v. Arrendale*, 113 Ga. App. 118 (2a, b) (147 SE2d 356). Defendant denied receipt of notification, and no proof thereof was made.

5. The court erred in granting summary judgment in favor of the plaintiff since the pleadings and evidence reveal issues of fact which should be submitted to a jury. *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736 (123 SE2d 179); *Bankers Fidelity Life Ins. Co. v. O'Barr*, 108 Ga. App. 220 (2) (132 SE2d 546).

*Judgment reversed. Hall, P. J., and Deen, J., concur.*
Submitted June 9, 1970—Decided June 30, 1970.

*Palmour & Palmour, James E. Palmour, III,* for appellant.
*Stow, Garvin & Glenn, James A. Glenn, Jr.,* for appellee.