46116.   BERRIEN v. AVCO FINANCIAL SERVICES, INC.

DEEN, Judge. 1. Under *Code Ann.* § 25-315 (b) of the Georgia Industrial Loan Act as it stood when the note here under consideration was executed in 1963, the lender had a right to a recording charge and also to a fee of $1.00 in addition to the percentage amounts stated in the Act. It is irrelevant to the consideration of this case that the $1.00 charge was eliminated by Ga. L. 1964, pp. 288, 291. It was accordingly proper for the trial court to strike the defendant's first and second defense to a suit on a promissory note given to a loan company as against the contention that this charge constituted an unauthorized collection of a fee amounting to usury.

2. The balance due on the loan as of April 16, 1965, remained unpaid at the time the suit was brought in July 1970. Since it was proper to sue for interest on the overdue and unpaid balance, and such interest does not constitute a violation of *Code Ann.* § 25-315, it was proper to strike the fifth defense on motion.

3. What has been said above disposes of the allegations of the defendant's counterclaim, and it was not error to strike the counterclaim seeking recovery of instalments paid prior to the default.

4. The plaintiff also moved to strike each of the defenses to the petition, and the trial court, after granting the motion, entered a judgment in favor of the plaintiff, reciting that he had considered the pleadings, interrogatories and answers. This was in effect a summary judgment under *Code Ann.* § 81A-112, since it appears to have been in response to a motion for judgment on the pleadings where matters outside the pleadings were considered. Only one order was entered, reciting that the plaintiff's

motion to dismiss the answer and counterclaim was meritorious and summary judgment was granted. While it would have been error to strike the third defense, alleging that the defendant was charged amounts for life and health and accident insurance which were unauthorized and unreasonable under *Code Ann.* § 25-315 (c), and to strike the fourth defense, which alleged that fees and interest were illegally charged on the proceeds of the loan which the company retained in payment of a prior loan made less than six months previously in violation of *Code Ann.* § 25-315 (b), these two defenses would not have militated against the grant of summary judgment in view of the interrogatories, which revealed that the defendant had no factual basis on which to make these averments. The general rule is that where the defense is based merely on lack of knowledge of what the facts are, there is a burden on the person relying on the defense to make some investigation. As stated in Norwood Morris Plan Co. v. McCarthy, 295 Mass. 597, 604 (4 NE2d 450, 107 ALR 1215): "Mere want of knowledge does not prevent summary judgment. It should be sufficient ground of defense only when it appears that a thorough investigation has been made and that ignorance persists after genuine efforts to ascertain the facts about the validity of the plaintiff's claim." This rule, of course, must be balanced by the rule that the plaintiff is entitled to summary judgment only where it appears without contradiction that there is no genuine issue of fact, and that the burden is on the plaintiff to establish every element necessary to sustain the grant of the motion by uncontradicted evidence. In the present case, where no affidavit or evidence was presented by either side other than the answers to interrogatories, and even assuming that the burden was on the defendant to present some facts tending to raise a jury issue as to whether the insurance fees charged were reasonable and whether the loan repayment was payment of a loan executed within the prescribed six-month period, the plaintiff also had the burden of showing that it was licensed to do business under the Act (*Colter v. Consolidated Credit Corp.*, 115 Ga. App. 520 (154 SE2d 713)), and of showing that it had given notice for the collection of attorney fees (*Tankersley v. Security Nat.*

*Corp.*, 122 Ga. App. 129 (176 SE2d 274)). Both these allegations were controverted and no evidence was offered as to either.

The trial court did not err in striking the first, second, and fifth defenses. It was error to strike the third and fourth defenses and to enter summary judgment in favor of the plaintiff.

*Judgment reversed. Bell, C. J., concurs. Pannell, J., concurs specially.*

ARGUED APRIL 5, 1971—DECIDED APRIL 21, 1971—
REHEARING DENIED JUNE 4, 1971.

*Richard M. Pearl,* for appellant.
*Marvin P. Nodvin,* for appellee.

PANNELL, Judge, concurring specially. I concur in the result reached in this case; and as to Division 4 of the opinion, I concur in the rulings (a) that it was error to strike the third and fourth defenses, and (b) that the plaintiff was not entitled to summary judgment because it failed to prove that it was licensed to do business under the Act. But I cannot concur in the ruling that those two defenses would not have militated against the grant of summary judgment, and the implications of what is thereafter said which places the burden of proof upon the party opposing the motion for summary judgment. The third and fourth defenses were affirmative defenses, and while the defendant would have the burden of proving them upon the trial, the burden here was upon the plaintiff movant to negative these defenses. 6 Moore's Federal Practice (2d Ed.), Par. 56.15[3], pp. 2341-2343; *Southern Bell Telephone &c. Co. v. Beaver,* 120 Ga. App. 420 (2, 3, 4) (170 SE2d 737); *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114).