### 48341. SUPREME OIL COMPANY, INC. v. BROCK.

CLARK, Judge. This is an appeal from denial of defendant's motion for summary judgment accompanied by the requisite review certificate. In addition to presenting the usual dispute between the attorneys as to existence of genuine issues concerning material facts warranting submission to a jury, we are called upon to rule as to the timeliness of the filing of plaintiff's response affidavit.

1. Appellant's advocate argues in behalf of defendant that the trial judge should not have considered the contents of plaintiff's rebuttal affidavit because it was not filed until the date of the hearing. The record discloses this point was not raised in the trial court. Since appellant's counsel permitted contents of this affidavit to be considered by the judge without objection, we hold

there was a waiver of the provisions of Code Ann. § 81A-156 (c) which provides for filing of opposing affidavits "prior to the day of hearing." The identical provision appears in Code Ann. § 110-1203 and was passed on in *Simmons v. State Farm &c. Ins. Co.,* 111 Ga. App. 738 (143 SE2d 55). This court there stated at page 739 that "There may be situations where a failure to serve the opposing affidavits prior to the day of hearing will result in the trial court refusing with propriety to allow them to be filed, or situations where the court may allow them to be filed but in such event grant a motion for continuance." This statement was based upon the "large discretion" placed in the judge hearing the motion. Therefore, even if the question of timeliness had been raised below, the trial court could in the exercise of its discretion have permitted the affidavit to be made a part of the record in undertaking to decide the summary judgment motion. See also *Hester v. Wilson,* 117 Ga. App. 435 (4) (160 SE2d 859) and *Wakefield v. A. R. Winter Co., Inc.,* 121 Ga. App. 259, 264 (174 SE2d 178). It was pointed out in this latter case that *Malone v. Ottinger,* 118 Ga. App. 778 (165 SE2d 660), which is relied upon by appellant, is not a binding precedent for the reason it was only a two-judge opinion. See also *Harrington v. Frye,* 116 Ga. App. 755 (159 SE2d 84).

2. Although two affidavits were filed by defendant, the single affidavit filed by plaintiff presented evidence sufficient to create a genuine issue as to material facts. Code Ann. § 81A-156 (c); *Holland v. Sanfax Corporation,* 106 Ga. App. 1 (126 SE2d 442). Additionally, there is presented a question of credibility of the witnesses which cannot be decided in a summary judgment proceeding. *Columbia Drug Co. v. Cook,* 127 Ga. App. 490 (194 SE2d 286) and citations therein. Among these material facts are the details of the instructions given plaintiff concerning repair of the safe, responsibility for loss in event of robbery, the manner in which the robbery occurred, and the matters discussed in conversations between defendant's representatives and plaintiff. These are indeed matters of importance for jury determination in this suit by a former employee against his former employer for recovery of allegedly unwarranted deductions from wages. "By now it has become elementary in our summary judgment law that in order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by the defendant on motion for summary judgment must unequivocally refute those allegations and must clearly show what is the truth of the matter

alleged. It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's or if it does no more than disclose circumstances under which satisfactory proof of the plaintiff's case on trial will be highly unlikely. *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801, 802 (149 SE2d 749)." *Central of Ga. R. Co. v. Hawes,* 120 Ga. App. 4 (169 SE2d 356) which was quoted with approval in *Taylor v. Bolton,* 121 Ga. App. 141 (173 SE2d 96).

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED JULY 9, 1973 — DECIDED OCTOBER 10, 1973.

*Boney & Boney, F. H. Boney,* for appellant.
*Rogers, Magruder & Hoyt, Wade C. Hoyt, III,* for appellee.