## 30222. MILLER v. DOUGLAS.

NICHOLS, Chief Justice.

This is an appeal from the denial of summary judgment. The appellant filed an equitable petition to set aside a divorce decree in which he was served by publication. The former wife is now deceased and this action is being defended by her personal representative, John T. Douglas. The appellant had previously filed a motion to set aside this same decree which was granted by the trial court. On appeal this court reversed the trial court holding: "A motion to set aside under Code Ann. § 81A-160 (d) must be predicated upon some nonamendable defect which appears upon the face of the record or pleadings." *Miller v. Miller,* 230 Ga. 777 (199 SE2d 241). But see Ga. L. 1974, p. 1138, amending this section. Upon return to the trial court the appellant filed the present petition.

In support of the motion for summary judgment, the appellant introduced the transcript of the previous appearance and appellee filed affidavits in opposition thereto. The appellant contends appellee is bound by the former record and that an estoppel operates against the defendant to contest those findings of fact which counsel for defendant had previously stipulated.

This being an entirely new case and not a continuation of the previous case, the record adduced on

the former case, based on the same cause of action, could be introduced in support of the motion. This record is of no greater weight than other affidavits, depositions, and other documentary evidence in support of or in opposition to the motion.

In motions for summary judgment, this court cannot consider the credibility of witnesses or their affidavits and a jury must resolve the question and the conflicts in the evidence which it produces. *Associates Financial Services Co. v. International Harvester Credit Corp.,* 127 Ga. App. 636, 637 (194 SE2d 518).

The decision in *Lampkin v. Edwards,* 222 Ga. 288 (3) (149 SE2d 708), and cases following it, holding "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him," when passing upon a motion for summary judgment, does not apply to contradictory statements by witnesses who are not parties to the litigation. See also *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866).

There being conflicts in the evidence as to whether statutory procedures were complied with in the service by publication in the divorce case, the trial court properly denied the motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED SEPTEMBER 17, 1975.

*Mario Misci, Stewart T. Herrick,* for appellant.

*J. H. Highsmith, Miles & McCoy, Peyton Miles, Walters & Davis, Emory Walters, Rick F. Ellis,* for appellee.