## 58703. ALLEN & BEAN, INC. OF GEORGIA v. AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA et al.

SOGNIER, Judge.

In September 1977 Allen & Bean, Inc. (appellant) agreed with Dave Robinson, an employee of Central State Agency, Inc. (hereafter Central) to purchase insurance from Independent Liberty Insurance Company (Independent) and American Bankers Life Insurance Company of Florida (American) for the purpose of providing insurance for customers of appellant making time-payment purchases who desired insurance coverage until their payments were completed. Robinson agreed with appellant that on sales of life, accident and health insurance provided by Independent, appellant could retain 40% of the premiums as a commission; on sales of property insurance provided by American, appellant could retain 50% of the premiums as a commission. Central was a general agent for Independent and had an "agency agreement" with American. Premiums collected by or on behalf of appellant for insurance sold to its customers were remitted to Central; Central then sent a check to appellant for the commission due pursuant to appellant's agreement made with Robinson. Appellant received checks through December 1977, but received no checks for the first three months of 1978; he eventually received a check which was dishonored by the bank, and

in April discovered that Central was bankrupt. Appellant requested payment of the commissions due from American and Independent; they refused payment, stating Central had no authority to enter into such an agreement with appellant, and they had no agreement with appellant. Accordingly, appellant filed suit against Central, American and Independent to recover $4,538.60, the amount of commissions due appellant pursuant to his agreement with Robinson. At all times appellant thought his agreement was with Central, as it was Robinson's employer; appellant also believed at all times that Central was the agent for American and Independent.

After filing answers denying liability to appellant, both American and Independent filed motions for summary judgment. The primary basis of both motions was that Central had no authority to bind American and Independent to an agreement with appellant, and their only obligation was to pay commissions to Central. The trial court granted both motions, but stated no reasons for its decision.

It is well established that the burden of showing the absence of a genuine issue of any material fact rests on the party moving for summary judgment; the burden does not shift until the pleadings are pierced. *Shadix v. Dowdney*, 117 Ga. App. 720 (162 SE2d 245) (1968). "To warrant the entry of summary judgment, the undisputed facts 'should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances.' *Watkins v. Nationwide Mut. Fire Ins. Co.*, 113 Ga. App. 801, 802 (149 SE2d 749)." *Lockhart v. Walker*, 124 Ga. App. 241 (183 SE2d 503) (1971). Applying these rules to the case before us, American and Independent did not pierce the allegations of appellant. It is acknowledged that Central was the agent of American and Independent and appellant had an agreement with Central of the nature as alleged in appellant's complaint. The only evidence offered by American and Independent in support of their motions was that Central was not authorized to bind them to its agreement with appellant and that they had no agreement of any kind with appellant. We believe

the authority of Central, in and of itself, raises a material issue of fact. "Questions of the existence and extent of an agent's authority are generally for the triers of fact." *City of Gainesville v. Pritchett,* 129 Ga. App. 475, 476 (3) (199 SE2d 889) (1973). Further, " '[w]hen an alleged principal, by acts or conduct, has knowingly caused or permitted another to appear as his agent, he will be estopped to deny the agency, to the injury of third persons who have in good faith and in reasonable prudence dealt with the apparent agent on the faith of the relation.' " *Folsom v. Miller,* 102 Ga. App. 232, 234 (116 SE2d 1) (1960); *Higgins v. D. & F. Elec. Co.,* 110 Ga. App. 790, 798 (140 SE2d 99) (1964).

There is sufficient evidence of a course of dealings in the past where Central split commissions with customers to warrant submitting this case to a jury. In particular, evidence indicates that American and Independent knew that Rigby, president of Allen & Bean, had an insurance license and shared commissions with Central. Whether having knowledge of this arrangement constituted ratification of the arrangement is a question for the jury, if evidence of such knowledge exists. Where a master (principal) has knowledge that his servant (agent) pursues a given course of conduct and the master takes no steps to prevent such conduct, the master is liable for the consequences. *American Oil Co. v. McCluskey,* 119 Ga. App. 475, 479 (167 SE2d 711) (1969).

As there are unresolved issues for jury resolution concerning the liability of American and Independent, "and nothing appearing to show conclusively that these defendants, or either one of them, is entitled to judgment as a matter of law, the trial court erred in sustaining the motions for summary judgment." *Peacock Const. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711, 714 (4) (175 SE2d 116) (1970).

The argument relating to the contract between Central and appellant being in violation of the Statute of Frauds, Code Ann. § 20-401, is without merit. Code Ann. § 20-402 provides for an exception when there has been part performance under the contract. It is a question for the jury as to whether there was part performance when the evidence tends to prove such performance. *Bryan v. Southwestern R. Co.,* 37 Ga. 26, 31 (1867); *Richards v.*

*Plaza Hotel,* 171 Ga. 827 (156 SE 809) (1931).
   *Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED OCTOBER 16, 1979 — DECIDED FEBRUARY 27, 1980.

   *Michael R. Uth, Taylor W. Jones,* for appellant.
   *Robert B. Hocutt, William B. Brown,* for appellees.