### 58521. WALLER v. TRANSWORLD IMPORTS, INC.

SOGNIER, Judge.

Asserting that he had been forced to have the transmission in his BMW automobile replaced six times between October of 1973 and April of 1978, Waller filed suit against the manufacturer, BMW, and the seller-repairman, Transworld. On each of the six instances of transmission replacement Waller alleged negligent repair and maintenance by Transworld, as well as their provision of a new transmission which was not merchantable or fit for its particular intended use. On at least five of these occasions the transmissions were worked on or replaced without charge. The trial court granted summary judgment to Transworld and Waller appeals. We affirm as to the negligence count but otherwise reverse.

1. Waller insists that a negligence claim was established in tort against Transworld from a breach of duty created by its gratuitous promise to repair and replace the transmission. However, it is clear from his complaint he did not allege that this negligence caused any damages to his person or property but that he sought both punitive and actual damages for diminution in value, loss of use, inconvenience, repair costs and other damages "attendant to his receiving a vehicle not up to the standards that he contracted to purchase; he simply sued for loss of the benefit of his bargain." *Chrysler Corp. v. Taylor,* 141 Ga. App. 671 (234 SE2d 123) (1977). Under these particular circumstances, "[s]uch damages are not recoverable in negligence. *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga. App. 293 (2) (217 SE2d 602) (1975)." *Chrysler Corp. v. Taylor,* supra.

2. We do not agree, however, that the breach of warranty theory of recovery relied upon by Waller cannot fairly be drawn from the

record, or that it is foreclosed by the statute of limitations as to the replacement transmissions. Accord, *Ford Motor Co. v. Hooks,* 143 Ga. App. 823 (240 SE2d 205) (1977). "To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and *under every theory fairly drawn from the pleadings and evidence* [cits.] and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff." *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (1) (210 SE2d 845) (1974).

Having certified the question to the Supreme Court, it is clear that conflicting evidence in the record as to Waller's partial payment for one of the transmissions which appears to be contrary to portions of his own testimony does not constitute an intentional or deliberate attempt by him to confuse or mislead the court so as to invoke the rule of *Chambers v. Citizens &c. Nat. Bank,* 242 Ga. 498, 502 (249 SE2d 214) (1978). *Combs v. Adair Mortgage Co.,* 245 Ga. 296 (264 SE2d 226) (1980). Therefore, all evidence most favorable to Waller's position, including his own testimony, will be taken as true on motion for summary judgment made by the defendant. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551, 552 (181 SE2d 866) (1971). Accord, *Jordan v. Ailstock,* 230 Ga. 67, 70 (195 SE2d 425) (1973); *Brooks v. Douglas,* 154 Ga. App. 54 (2) (1980); *Combs v. Adair Mortgage Co.,* 155 Ga. App. 432; *Aiken v. Drexler Shower Door Co.,* 155 Ga. App. 436. Consequently, summary judgment for Transworld on this issue was erroneous.

*Judgment affirmed in part and reversed in part. Deen, C. J., and Birdsong, J., concur.*

Argued September 26, 1979 — Decided May 21, 1980.

John C. Gray, Charles Ratz, for appellant.
Rex D. Smith, Andrew M. Scherffius, III, for appellee.