## 58060. AIKEN v. DREXLER SHOWER DOOR COMPANY, INC. et al.

SOGNIER, Judge.

Frazier Aiken, one of the defendants in the case still pending below, appeals the grant of summary judgment against him as to his liability to the plaintiff, Drexler, for materials it furnished for the construction of a home of another. Aiken asserts that certain evidence, particularly his deposition testimony that his participation in the project was as an agent for a disclosed principal and not in his individual capacity, presents a jury question as to his individual liability for the materials furnished.

In response to this contention Drexler, the movant for summary judgment here, as did the movant in *Combs v. Adair Mortgage Co.,* 155 Ga. App. 432, urges that this testimony be taken in its most

unfavorable light to deponent because it was conflicting and inconsistent with other portions of his testimony. This case was included in the question certified to the Supreme Court in *Combs v. Adair Mortgage Co.,* 245 Ga. 296 (264 SE2d 226) (1980), as to whether the rule of *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971) was still in effect or whether *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498 (249 SE2d 214) (1978) should be applied.

In response to this question the Supreme Court stated: "Therefore, we answer the question certified by saying that this court continues to adhere to the rule enunciated in *Burnette Ford, Inc. v. Hayes,* supra, and views the holding in *Chambers v. Citizens & Southern National Bank,* supra, as one which came about as a result of factual differences."

Under *Burnette,* where a party to a case not having the burden of proof on trial makes a motion for summary judgment, all evidence adduced on said motion including the testimony of the party opposing the motion, is construed most strongly against the movant. Generally, however, in all instances where a party is intentionally or deliberately self-contradictory, the court may construe his testimony in the most unfavorable light to him. *Chambers v. C. & S. Nat. Bank,* supra at 502; *Brooks v. Douglas,* 154 Ga. App. 54 (2) (267 SE2d 495) (1980). "The [*Burnette*] rule construing the evidence most favorably to the party opposing the motion for summary judgment applies to the testimony of that party even though the testimony may be vague and contradictory. [Cit.]" *Jordan v. Ailstock,* 230 Ga. 67, 70 (195 SE2d 425) (1973). Thus, the effect of the Supreme Court's holding in *Combs* is that only if a party testifying in his own behalf *intentionally or deliberately* contradicts himself in order to confuse or mislead the court so as to elude summary judgment shall the more favorable portion of the contradictory testimony be treated as though it did not exist. Otherwise, the rule in *Burnette* applies.

Although Aiken's testimony is somewhat vague and in-consistent, it does not disclose an attempt to confuse or mislead the court. Such inconsistencies may weaken his case at trial but do not, as a matter of law, entitle the movant to summary judgment. *Brooks v. Douglas,* supra. Whether or not there is an agency relationship presents a question of fact which may be shown by direct or circumstantial evidence, and "[t]he cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but can look only to ascertain if there is an issue. [Cit.]" *Fletcher Emerson Management Co. v. Davis,* 134 Ga. App. 699, 701 (3) (215 SE2d 725) (1975).

Construing Aiken's deposition in the light of these principles we are compelled to hold that its favorable portion presents a question of

fact as to Aiken's individual liability, and accordingly, reversal of the grant of summary judgment is required.

*Judgment reversed. Deen, C. J., concurs. Birdsong, J., concurs in the judgment only.*

SUBMITTED JULY 11, 1979 — DECIDED MAY 21, 1980 — REHEARING DENIED JUNE 5, 1980 —

*James W. Friedwald,* for appellant.
*John G. McCullough, J. Ben Shapiro, Jr., Alex C. Kliros,* for appellees.