## 60025. KEHELEY v. BENHAM.

BANKE, Judge.

The appellee sued to collect on a promissory note executed in 1961. The appellant defended by alleging that the money loaned to him by the appellee was used to construct quarters for her in his home and that these quarters were subsequently maintained for her use and benefit. Appellant also counterclaimed for the value of these facilities and services. Appellee was granted summary judgment on the note, which judgment was affirmed by this court in *Keheley v. Benham,* 150 Ga. App. 153 (257 SE2d 29) (1979). After the remittitur was filed in the trial court, appellee moved for summary judgment on the counterclaim based on her plea that the counterclaim was barred by the statute of limitation.

The appellant alleged that the quarters were provided from 1962 until the time of the lawsuit in September 1977. In her affidavit, appellee stated that she had not been in appellant's house since 1972. Appellant in his original counter-affidavit conceded the truth of that statement; however, in a second affidavit, he stated that appellant had resided in his house until October 1973. Based on these affidavits and the pleadings, the trial court entered summary judgment for appellee, apparently based on the statute of limitation. *Held:*

The counterclaim is for recovery of damages for the breach of an implied contract. The period of limitation on such an action is four years from the time of the accrual of the action. Code Ann. § 3-706; *Smallwood v. Conner,* 118 Ga. App. 59 (162 SE2d 747) (1968). The final affidavit of appellant alleges that the services and facilities were used by appellee as late as October 1973. If believed, that date would fix the period of limitation. Accord, *Hamby v. Collier,* 136 Ga. 309 (3) (71 SE 431) (1911). The fact that this date falls conveniently one month within the period of limitation and that the appellant's second affidavit conflicts with his first are matters which go to his credibility. "All evidence and materials submitted on motion for summary judgment, including the testimony of the parties, must be construed most strongly against the movant . . . If there be a conflict or contradiction in the testimony of the opposing party it must be construed in his favor, and such contradictions, at the most, may themselves create a conflict in the evidence as well as a question of

credibility, which is solely for the jury. (Cits.)" *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 129 Ga. App. 718 (1) (200 SE2d 918) (1973).

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED JUNE 5, 1980 — DECIDED JUNE 24, 1980.

*Charles Van S. Mottola,* for appellant.
*James L. Flemister,* for appellee.