## 61406. OLIVER v. THOMAS et al.

BIRDSONG, Judge.

Oliver appeals the grant of summary judgment to defendant Faircloth Bonding Service, Inc. Faircloth Bonding produced affidavits stating that defendant Thomas was not an agent, servant or employee of Faircloth Bonding at the time of Thomas' alleged injury to appellant. The affidavit filed by appellant in response to motion for summary judgment was properly not considered by the trial court in ruling on Faircloth Bonding's motion because the affidavit was never served upon the defendants. Code Ann. § 81A-156 (c); Code Ann. § 81A-105 (a); Code Ann. § 81A-106 (d); *Sasser & Co. v. Griffin,* 133 Ga. App. 83 (210 SE2d 34); *Malone v. Ottinger,* 118 Ga. App. 778 (165 SE2d 660). Even if the appellant's affidavit had been

considered, Faircloth Bonding is still entitled to summary judgment. The affidavit merely restates the allegations of his petition, that Thomas was the agent or employee of Faircloth Bonding at the time of the alleged injury to appellant. When motion for summary judgment is made, the adverse party may not rest upon the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Colodny v. Dominion Mtg. &c. Trust,* 141 Ga. App. 139, 141 (232 SE2d 601). Moreover the defendants' assertion that there was no agency is a statement of fact sufficient to support a motion for summary judgment but the bare assertions made by the appellant, as an outsider, as to the agency are merely conclusions of law, and are insufficient to withstand the motion. *Aetna Cas. &c. Co. v. Malcom,* 149 Ga. App. 754 (256 SE2d 117); *Brewer v. Southeastern Fid. Ins. Co.,* 147 Ga. App. 562, 563 (249 SE2d 668); *Hampton v. McCord,* 141 Ga. App. 97, 98-99 (232 SE2d 582); *Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414 (184 SE2d 56).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 28, 1981.

*Laronce Beard,* for appellant.
*E. B. Wilkin, Jr., Leonard J. Spooner, James N. Finkelstein, Donald D. Rentz,* for appellees.