62298. CURTIS et al. v. J. L. TODD AUCTION COMPANY.

BIRDSONG, Judge.
Appellants, owners of real estate in Coffee County, contracted with J. L. Todd Auction Company ("Todd") to conduct an auction sale of this property. Appellants agreed to pay Todd "as commission and for services 12% or $12,821.33; whichever is greater of the highest bid obtained in cash on day of sale. . . ." Todd agreed "to advertise this property in its usual way of advertising . . . to pay all expenses of same, and to conduct the sale in a professional manner . . ." within 45 days from the contract date. The auction was advertised, timely held and well attended. A commercial building was sold for $24,000 and 20 subdivided, unimproved tracts were auctioned for a total of $252,250; however, appellants rejected all bids except one, which fell through for lack of funds. Todd demanded payment of $12,821.33 from appellants, which they refused to pay, and the instant action was filed by Todd seeking recovery under the contract. Appellants denied any indebtedness, and counterclaimed for damages of $100,000 on the ground that the purported sale was so carelessly, negligently and recklessly conducted that their personal reputations were damaged and the value of their property diminished. After production of

depositions, interrogatories and documentary evidence, Todd moved for summary judgment. Affidavits were filed by all appellants and at a hearing on the motion, Todd presented its salesman to testify in contravention of appellants' affidavits. Appellants waived presentation of oral testimony in rebuttal. This appeal is from the grant of summary judgment to Todd on all issues raised by the complaint and counterclaim. *Held:*

We affirm. Todd produced answers to interrogatories and other evidence establishing that it performed its obligations under the contract. Sixty thousand brochures were distributed prior to the auction sale; over three thousand families were notified by direct mail. There was extensive newspaper and radio advertising in a widespread area, a timber cruise was performed and over $2,000 was spent on surveying and subdividing all the land into different tracts. At the time of signing the contract, its contents were explained to appellants by an attorney and they were told that the commission must be paid even if they rejected all bids at the auction. It is readily apparent from the testimony of Todd's salesman that the "choice of tract" method of sales utilized at the auction had proven to be the most profitable and successful strategy in Todd's extensive sixty-year business experience with such parcels of undeveloped land. Appellants presented no specific facts as to what made the auction unprofessional or how it damaged their reputations and diminished property values. Nor did they attempt to show why the commission was not owed to Todd. Their affidavits merely restated the allegations of the counterclaim and are mere conclusions.

"When motion for summary judgment is made, the adverse party may not rest upon the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. [Cit.] Moreover . . . the bare assertions made by appellant[s] [that the sale was carelessly, negligently and recklessly conducted] . . . are merely conclusions of law, and are insufficient to withstand the motion. [Cits.]" *Oliver v. Thomas,* 158 Ga. App. 388, 389 (280 SE2d 416). Accord, *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329 (268 SE2d 384); *Walsey v. American Fletcher Nat. Bank & Trust Co.,* 151 Ga. App. 104 (258 SE2d 760).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 8, 1981.

*William V. Evans,* for appellants.
*Dewey Hayes, Jr., Dewey Hayes, Sr.,* for appellee.