### 68653. SCOTT v. OWENS-ILLINOIS, INC. et al.
(325 SE2d 402)

DEEN, Presiding Judge.

Appellant Scott sustained injuries to his wrist, hand, and eyes when a bottle of barbecue sauce suddenly fell apart in his hand as he sat at a table in Ralph C. Yarbrough's restaurant. Contending that the bottle had exploded as the result either of some defect in its design or manufacture, or of some negligence in the processing and bottling of its contents, appellant brought an action against Yarbrough; Bruce's Food Corporation (Bruce's), manufacturer, bottler, and distributor of the sauce; and Owens-Illinois, Inc. (Owens), and Chattanooga Glass Co. (Chattanooga), sole suppliers of bottles for Bruce's barbecue sauce. Against Owens and Chattanooga, appellees in the instant appeal, Scott alleged negligence and breach of warranties of the bottle's merchantability and fitness for its intended purpose and use.

According to Scott's testimony, he and two companions had gone to Yarbrough's barbecue restaurant for lunch. While they waited for their orders to be filled, one of the men with appellant remarked that the bottle of barbecue sauce sitting on their table showed a greater separation of ingredients than was evident in the bottles on nearby tables. Appellant picked up the bottle in his left hand and shook it to blend the ingredients. He testified by deposition that he had shaken it no more than three times when it "exploded" in his hand. The contents sprayed up into his eyes, and the jagged lower edge of the piece of the bottle remaining in his hand struck his right wrist and hand, which were lying on the table, cutting them and causing them to bleed profusely.

The restaurant manager testified by deposition that he had not seen the incident but that his attention was drawn to appellant's party by a "popping" sound, which he attributed to the impact of the bottle against the table and which appellant attributes to an explosion occurring while the bottle was still several inches above his right arm. The manager testified that he had immediately summoned medical assistance and had bathed appellant's eyes and attempted to stanch the flow of blood from his wrist and hand. He further testified that he subsequently gathered the pieces of broken bottle and deliv-

ered them to the restaurant's insurer. Somewhere in this process the bottom of the bottle, which bore the manufacturer's stamp, became separated from the other pieces and never reappeared. Thus there was no indisputable evidence as to which of Bruce's two suppliers, Owens and Chattanooga, had manufactured the bottle. Bruce's records indicated that bottles from both manufacturers were used on the production run from which the bottle in the instant case had putatively come.

All four defendants in the action below filed motions for summary judgment. Appellees Owens and Chattanooga based their motions on the specific grounds that the bottle was used in a non-conforming manner; that the manufacturer had fulfilled its implied warranties and its duty of care in that the bottle met or exceeded industry safety standards for such containers; and, finally, that it was impossible for the plaintiff to show which manufacturer had supplied the particular bottle that had caused his injuries. Appellees attached to their motions, *inter alia*, the deposition of a professor of ceramics, an expert on the manufacture and testing of glass bottles. Appellant filed in opposition the deposition of an engineering consultant with special expertise in the analysis and testing of glass. The trial court denied the motions of Yarbrough and Bruce but granted summary judgment to Chattanooga and Owens. The order did not state the specific basis or bases on which summary judgment was granted. Scott appeals, enumerating as error the award of summary judgment to the two bottle manufacturers. *Held*:

On a motion for summary judgment, the movant has the burden of showing that "there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c); *Sands v. Lamar Properties*, 159 Ga. App. 718 (285 SE2d 24) (1981). Any doubt as to the existence of a genuine issue of fact is to be resolved against the movant; and the evidence must be construed in favor of the party opposing the motion. *Eiberger v. West*, 247 Ga. 767 (281 SE2d 148) (1981); *Mixon v. Ga. Bank & Trust Co.*, 154 Ga. App. 32 (267 SE2d 483) (1980). Because summary judgment is an extreme remedy, it must be granted only when there is no doubt as to the facts of the case. *Watkins v. Nationwide Mut. Fire Ins. Co.*, 113 Ga. App. 801 (149 SE2d 749) (1966).

When, as in the instant case, the movant is the defendant in the action, he must pierce the plaintiff's pleadings so as to show conclusively that the plaintiff has no right to recover against him under any theory alleged. *Morton v. Stewart*, 153 Ga. App. 636 (266 SE2d 230) (1980). The evidence offered by the movant for this purpose must unequivocally refute the plaintiff's allegations, *Supreme Oil Co. v. Brock*, 129 Ga. App. 863 (201 SE2d 659) (1973), and must conclusively negate one or more essential elements of plaintiff's case. *Waller*

*v. Transworld Imports*, 155 Ga. App. 438 (271 SE2d 1) (1980); *Goodwin v. Mullins*, 122 Ga. App. 84 (176 SE2d 551) (1970). If the defendant/movant does not pierce the pleadings and disprove one or more of the essential elements of plaintiff's case, the mere fact that the evidence submitted by the plaintiff does not prove the latter's case is not tantamount to the defendant/movant's carrying his burden. *Thomas v. McGee*, 242 Ga. 441 (249 SE2d 242) (1978); *Continental Assur. Co. v. Rothell*, 121 Ga. App. 868 (176 SE2d 259) (1970), aff'd in part and rev'd in part on other grounds, 227 Ga. 258 (181 SE2d 283), vacated on other grounds, 123 Ga. App. 423 (181 SE2d 541) (1971).

The statute requires the respondent to a motion for summary judgment to do more than "rest upon the mere allegations or denials of his pleading, but . . . [to] set forth specific facts showing that there is a genuine issue for trial." OCGA § 9-11-56 (e); *Curtis v. J. L. Todd Auction Co.*, 159 Ga. App. 863 (285 SE2d 596) (1981); *Oliver v. Thomas*, 158 Ga. App. 388 (280 SE2d 416) (1981). This burden upon the plaintiff/respondent does not arise, however, until the movant has adduced evidence which *prima facie* disproves an essential element of the plaintiff's theory of recovery. *Rehak v. Mathis*, 239 Ga. 541 (238 SE2d 81) (1977); *Peoples Bank v. Austin*, 159 Ga. App. 223 (283 SE2d 81) (1981); *Continental Assur. Co. v. Rothell*, supra. The evidence required of the movant to make out his *prima facie* case should be uncontradicted and leave no room for controversy as to his right to judgment, and should show affirmatively that the plaintiff would not be entitled to recover under any circumstances. *Allen & Bean v. American Bankers Ins. Co.*, 153 Ga. App. 617 (266 SE2d 295) (1980); *Berrien v. Avco Financial Services*, 123 Ga. App. 862 (182 SE2d 708) (1971). The evidence is insufficient to support summary judgment if it merely preponderates towards the defendant's theory, or if it only discloses that satisfactory proof of plaintiff's case on trial will be unlikely. *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813 (168 SE2d 827) (1969); *Supreme Oil Co. v. Brock*, supra.

In light of the foregoing legal propositions, we must reverse the judgment below for the following reasons derived from analysis of the facts of the case at bar.

1. Other than appellees' allegation, supported only by the speculation of appellees' witnesses, that the bottle had been broken because appellant slammed it down upon the table top, there was no evidence that the bottle was used in a nonconforming manner or had been put to any unforeseeable use. Indeed, much of the evidence of appellees, as well as that of appellant, tends to support the opposite conclusion; namely, that the bottle was used for the purpose and in the manner for which it was intended and was in no way subjected to misuse or abuse. Cf. *Lawrence v. Gardner*, 154 Ga. App. 722 (270 SE2d 9) (1980). Appellees thus have failed to sustain the first prong

of their motion for summary judgment.

2. As to the second prong of appellees' argument, appellees introduced documentary evidence regarding industry standards for bottles of the type used for Bruce's barbecue sauce and averred that the bottles they manufactured conformed to those standards. There was also evidence, however, that Bruce's regularly rejected as defective a certain number of bottles supplied by both manufacturers, and that there had recently been an unusually high rate of rejection of bottles manufactured by Owens-Illinois. The expert witnesses for appellant and appellees gave conflicting opinions as to whether the bottle's disintegration was due to an external impact (implying, *inter alia*, a nonconforming use; see Division 1, supra) or to an explosion-like occurrence originating in some sort of defect in the bottle itself. Because parts of the bottle were missing, the expert witness for neither side was able to say with certainty whether its construction conformed to industry standards. The testimony of appellees' expert tended to establish external impact as the likelier cause of the break, and that of appellant's expert tended to attribute the incident to a defect; neither witness, however, was able to give an unqualified opinion as to the proximate cause of the incident. In the face of such conflicting and equivocal evidence, it was error for the trial court to find as a matter of law that there was no liability on the part of either manufacturer, and to grant summary judgment. *Whisenhunt v. Allen Parker*, supra. Questions of credibility of witnesses, like those of negligence and contributory negligence, are ordinarily for jury determination. *Miller v. Douglas*, 235 Ga. 222 (219 SE2d 144) (1975); *Keheley v. Benham*, 155 Ga. App. 59 (270 SE2d 285) (1980); *Aiken v. Drexler Shower Door Co.*, 155 Ga. App. 436 (270 SE2d 831) (1980).

Moreover, when the evidence on a dispositive issue consists of opinion evidence, such evidence alone can never sustain an award of summary judgment. *Hawkins v. Greenberg*, 159 Ga. App. 302 (283 SE2d 301) (1981); *Ginn v. Morgan*, 225 Ga. 192 (167 SE2d 393) (1969). Introduction of opinion evidence by the non-moving party, however, as in the case *sub judice*, can be sufficient to *preclude* an award of summary judgment. *Dickson v. Dickson*, 238 Ga. 672 (235 SE2d 479) (1977); *Stevens v. Wakefield*, 160 Ga. App. 353 (287 SE2d 49) (1981), rev'd on other grounds, 249 Ga. 254 (290 SE2d 58) (1982).

3. The fact that the evidence adduced by appellant in his response to the motion for summary judgment does not prove definitively which of the two manufacturers supplied the bottle involved in the instant case — or, indeed, that the bottle's disintegration and appellant's subsequent injuries were due to fault on the part of either manufacturer — is of no significance to the trial court's deliberations as to whether or not to grant summary judgment. *Whisenhunt v. Allen Parker Co.*, supra; *Supreme Oil Co. v. Brock*, supra. The Sum-

mary Judgment Act does not authorize the trial court to sit as both judge and jury, weighing the evidence and deciding issues that are traditionally for the jury. *Fountain v. World Finance Corp.*, 144 Ga. App. 10 (240 SE2d 558) (1977). The sole function of the court on a motion for summary judgment is, rather, to determine whether there exists a genuine issue of material fact. *Rigby v. Powell*, 233 Ga. 158 (210 SE2d 696) (1974); *Porter v. Moschella*, 152 Ga. App. 678 (263 SE2d 538) (1979). In the instant case it is clear that such issues exist. Whatever the ultimate disposition of this case, appellant's opportunity to have the issues reviewed by a jury should not have been foreclosed.

For these reasons we find that the trial court erred in granting summary judgment to appellees Owens and Chattanooga. We therefore reverse the judgment below and remand the case for proceedings not inconsistent with the above.

*Judgment reversed. Banke, P. J., Carley, Pope and Benham, JJ., concur. McMurray, C. J., Birdsong, Sognier and Beasley, JJ., dissent.*

DECIDED NOVEMBER 19, 1984 —
REHEARING DENIED DECEMBER 10, 1984 — 

*Daniel C. B. Levy*, for appellant.
*Sewell K. Loggins, John F. Davis, Jr., Seaton D. Purdom, Irwin W. Stolz, Jr., James T. McDonald, Jr., Michael V. Elsberry*, for appellees.
*Gene Mac Winburn*, amicus curiae.

McMURRAY, Chief Judge, dissenting.

"The function of the summary judgment is to avoid a useless trial; and a trial is not only not useless but absolutely necessary where there is a genuine issue as to any material fact." 6 Moore's Fed. Practice, ¶ 56.15 [1.-0], p. 56-391. "A difficult question of law does not however, warrant the denial of a motion for summary judgment, subject to the following important qualification: that the material factual issues are not in dispute and furnish an adequate basis for the application of the proper legal principles. In this event nothing is to be gained by a denial of the motion, for resolution of the question does not become easier through a process of postponement." 6 Moore's Fed. Practice, ¶ 56.15 [1.-0], p. 56-398. In the case sub judice no genuine issues of material fact remain for determination by a jury. The uncontroverted evidence shows that the manufacturer of the bottle in question cannot be determined from the evidence available. There is no genuine issue of material fact remaining for the jury. There remains only the need to apply the law to the uncontroverted facts of

the case sub judice. I would hold that the trial court did not err in granting summary judgment in favor of the two bottle manufacturers. I respectfully dissent. See generally *Fender v. Colonial Stores*, 138 Ga. App. 31, 37 (2) (225 SE2d 691). I am authorized to state that Presiding Judge Birdsong and Judge Sognier join in this dissent.