## A89A1945. KIRBY v. HARRIS et al.

(387 SE2d 22)

DEEN, Presiding Judge.

In July 1986 Mr. and Mrs. Harris, appellees here, contracted with appellant Kirby for the latter to build a house for them upon a specified lot in a subdivision where appellant was then building another house. The contract stated, without qualification, that implementation of the contract was contingent upon the sale of the appellees' southeast Atlanta home by July 31, 1986. Appellees paid Kirby $3,000 in earnest money, to be used for acquisition or reservation of the designated building lot.

When the sale of the Harris home failed to materialize by the stated date, they requested the return of, or an accounting for, the $3,000 deposit; they allegedly told Kirby at that time that they still

hoped that he would build a house for them when they were able to sell their present house and thereby to acquire the necessary funds. Kirby declined to return the deposit, stating that he had used the money in making preliminary arrangements — *not* including purchase or reservation of the lot — for building the house that was the subject of the contract.

In June 1987 the Harrises filed a complaint seeking return of the earnest money. Kirby answered, alleging, *inter alia*, that the Harrises had instructed him to use the $3,000 in any manner that he saw fit, with a view to preparing to build the proposed house, and that the Harrises had breached the contract and perpetrated fraud in allegedly failing to exercise due diligence in attempting to sell their existing house. He counterclaimed for $3,000 as compensation for his alleged "preliminary work," plus attorney fees and other costs of the action. Plaintiffs/appellees then moved for summary judgment, and the trial court entered judgment in their favor in June 1989, awarding them $3,000 as damages, plus interest and costs.

Kirby appeals from the trial court's order and judgment, alleging that genuine questions of material fact exist regarding such matters as good faith on the Harrises' part, the existence *vel non* of a "verbal contract" to supplement the written one, the intent of the parties, and the credibility of the Harrises' affidavit and deposition testimony. The Harrises have moved to strike appellant's supplementation of the record, alleging that he has had forwarded to this court documents which were not a part of the record in the trial court. They have also moved for damages for a frivolous appeal. *Held*:

1. We have thoroughly examined the entire record in the instant case, including the affidavits and depositions. We find that, although there is a great deal of conflict in the testimony, there is no genuine conflict of fact as to the material and substantive issues. Neither in his response to plaintiffs'/appellees' motion for summary judgment nor in his urging of his counterclaim does appellant Kirby come forward with evidence sufficient to refute the movants' prima facie showing and to create a jury issue. OCGA § 9-11-56; *Oliver v. Thomas*, 158 Ga. App. 388 (280 SE2d 416) (1981). The trial court properly granted summary judgment.

2. As to appellees' motion to strike, our affirmance of the judgment below renders that motion moot. We decline to grant appellees' motion for damages.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 26, 1989.

*Richard R. Kirby*, pro se.
*Ed Martin*, for appellees.