A89A2025. LAMB v. GEORGIA-PACIFIC CORPORATION.
(392 SE2d 307)

COOPER, Judge.

Appellant, a general contractor residing in Ohio, was hired to construct a meeting hall. For the construction and installation of the floor, appellant purchased, from an Ohio company, particle board manufactured by appellee. Shortly after the construction was completed, portions of the floor began to "bubble," and appellant, alleging that the floor "bubbled" because the particle board was defective, sued appellee, seeking actual and punitive damages. This appeal follows the trial court's grant of summary judgment to appellee.

1. Appellant first enumerates as error the trial court's consideration of appellee's motion for summary judgment, which was filed after the case appeared on a trial calendar. We find no merit to appellant's argument. There is no evidence in the record that the motion was filed to delay the trial, and we find no error with the trial court's consideration of the motion.

2. In his second and fourth enumerations of error, appellant contends that the trial court erred in granting summary judgment on Count I of his complaint. Count I of appellant's complaint is not pleaded with particularity, but appears to be a claim for strict liability in tort since no breach of duty or negligence has been alleged. As

to the second enumeration, appellee argues that the only damages appellant seeks are "purely economic losses" which are not recoverable under negligence or strict liability theories. *Long v. Jim Letts Oldsmobile*, 135 Ga. App. 293 (2) (217 SE2d 602) (1975). Appellant, however, argues that his action is not based solely upon economic loss because the particle board caused damage to property other than the particle board, specifically the tile portion of the floor. See *Mike Bajalia, Inc. v. Amos Constr. Co.*, 142 Ga. App. 225 (1) (235 SE2d 664) (1977). We find that, with the exception of damage to the tile, all of the damages for which appellant seeks compensation are for purely economic losses and are not recoverable under theories of either negligence or strict liability.

Appellee supported its motion for summary judgment with the affidavits of two experts, one who stated that the "bubbling" was caused by moisture under the particle board underlayment, and another who stated that appellant violated several industry standards in installing the floor, including the failure to employ a moisture barrier. Appellant relies on the affidavit of an expert who stated that the particle board was not subject to moisture, and that it had been properly installed. Neither appellant's nor appellee's expert gives an opinion as to any defect or lack of a defect in the particle board. Rather, both affidavits focus on the cause of the "bubbling" (other than any defect) in the floor. We agree with appellee that appellant has failed to submit any evidence showing that the particle board was defective. However, appellee's evidence has also failed to refute the allegation of appellant's complaint. "In order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by defendant on motion for summary judgment must unequivocally refute those allegations and must clearly show what is the truth of the matter alleged." *Watkins v. Nationwide Mut. &c. Ins. Co.*, 113 Ga. App. 801, 802 (149 SE2d 749) (1966). "If the defendant/movant does not pierce the pleadings and disprove one or more of the essential elements of plaintiff's case, the mere fact that the evidence submitted by the plaintiff does not prove the latter's case is not tantamount to the defendant/movant's carrying his burden. [Cits.]" *Scott v. Owens-Illinois*, 173 Ga. App. 19, 21 (325 SE2d 402) (1984). " 'Summary judgments should only be granted where, construing *all* inferences against the movant, it yet appears without dispute that the case can have but a single outcome.' [Cits.]" *Bragg v. Missroon*, 186 Ga. App. 803, 805 (368 SE2d 564) (1988). Appellee has failed to pierce the bare allegation of appellant's complaint that the particle board was defective, and, notwithstanding the affidavits presented, an issue of fact remains as to the presence or absence of a defect. Accordingly, in response to the fourth enumeration, we find that summary judgment was not properly granted as to Count I of the complaint.

3. In his third enumeration of error, appellant contends that the trial court erred in granting summary judgment on Count II of his complaint. Count II of the complaint alleges that appellee wilfully and wantonly refused to repair the defective particle board causing damage to appellant's professional reputation. Appellant having submitted no evidence that appellee's conduct was wilful or wanton, we find appellant's argument to be totally without merit. Appellant's argument that he is entitled to punitive damages because the failure of appellee to assume responsibility for the allegedly defective particle board constituted an "aggravating circumstance" under OCGA § 51-12-5 is likewise without merit. The trial court properly granted summary judgment to appellee on this count.

4. In his fifth enumeration of error appellant contends that the trial court erred in granting summary judgment on Count III of his complaint, which alleges a breach of the implied warranty of merchantability. Under OCGA § 11-2-314 a warranty that the goods are merchantable is implied in a contract for their sale. "As this warranty clearly arises out of a contract of sale of goods, it can only run to a buyer who is in privity of contract with the seller. [Cit.]" *Chaffin v. Atlanta Coca Cola Bottling Co.*, 127 Ga. App. 619 (1) (194 SE2d 513) (1972). Unlike the cases relied on by appellant, in this instance there is no evidence of any express warranty made by appellee which would extend to appellant as the ultimate purchaser. "[I]f a defendant is not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser cannot recover on the implied or express warranty, if any, arising out of the prior sale by the defendant to the original purchaser, such as distributor or retailer from whom plaintiff purchased the product. [Cit.]" (Punctuation omitted.) *Chem-Tech Finishers v. Paul Mueller Co.*, 189 Ga. App. 433 (1) (375 SE2d 881) (1988). There being no privity between appellee and appellant, the trial court's grant of summary judgment was proper.

5. Appellant contends in his sixth enumeration of error that Ohio law would govern the count based upon a breach of the implied warranty of merchantability. A review of the record reveals that this is the first time appellant has raised this issue. "Enumerations of error which raise questions for the first time on appeal present nothing for decision. [Cits.]" (Punctuation omitted.) *Wilson v. City of Atlanta*, 184 Ga. App. 651 (362 SE2d 460) (1987).

6. Appellant's argument that the trial court erred in taking "judicial notice" that the floor and particle board were improperly installed is without merit. We have reviewed the record and conclude that the comments made by the trial judge do not amount to judicial notice.

*Judgment reversed in part, affirmed in part. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier and Pope, JJ., concur.*

*Deen, P. J., and Beasley, J., dissent.*

DEEN, Presiding Judge, concurring in part and dissenting in part.

In this case, the appellant alleged that the particle board manufactured by the appellee contained a defect which caused the board to "bubble." The appellee refuted this allegation with the expert's affidavit indicating that the "bubbled" particle board submitted for examination had a high moisture content and that dry particle board does not "bow or cup." The appellee's expert did not literally declare the absence of any defect, but I do not believe his affidavit is subject to any reasonable construction other than that the bubbling was due to moisture rather than any defect.

The appellant raised the specific issue of the cause of the bubbling of the particle board, and the appellee's evidence refuted the specific allegation that the bubbling was caused by a defect in the board. The majority opinion's contrary conclusion in Division 2 results from too technical a reading of the affidavits in this case. "Now, formalism and technicality are very important to the successful and orderly administration of justice in any juridic system; but there is too much plain common sense stored away in the substructure upon which our whole system is based to allow of any such result. . . ." *Roberts v. Arnall*, 9 Ga. App. 328, 332 (71 SE 590) (1911).

I concur fully with the majority opinion except for Division 2, from which, for the reason stated above, I respectfully dissent. I am authorized to state that Judge Beasley joins in this opinion.

DECIDED MARCH 13, 1990.

*Lamb & Associates, T. Gordon Lamb, David S. Beale, Andrew R. Bickwit,* for appellant.

*Savell & Williams, William E. Turnipseed, Jennifer H. Chapin,* for appellee.