27381. MITCHELL et al. v. CALHOUN et al.

UNDERCOFLER, Justice. This appeal is from the granting of the appellees' (defendants') motions for summary judgment.

The circumstances out of which this litigation arose are as

follows: Co-appellee Virgie Lee Redding Calhoun and Raymon A. Calhoun were married in 1966. Raymon A. Calhoun executed a will in 1967 in which he named co-appellee M. L. Calhoun, a first cousin, as his sole devisee. Raymon A. Calhoun filed suit for divorce on November 5, 1970. He was hospitalized in January 1971 and then was in a nursing home until his death. He was granted a divorce from Virgie Lee Redding Calhoun on June 18, 1971, and died on July 11, 1971. Virgie Lee Redding Calhoun filed suit on November 2, 1971, against M. L. Calhoun as administrator of the estate of Raymon A. Calhoun to set aside the divorce decree. A judgment setting aside the divorce decree was granted on December 3, 1971. That same day M. L. Calhoun filed an application to probate Raymon A. Calhoun's will of 1967 and to be appointed administrator with the will annexed.

The present litigation was then instituted by a collateral heir (aunt) of Raymon A. Calhoun. She averred that Raymon A. Calhoun died unmarried and had no children; that his will became void upon his divorce from Virgie Lee Redding Calhoun by operation of law; that as a result, she and other collateral heirs were entitled to Raymon A. Calhoun's estate; that co-appellee Virgie Lee Redding Calhoun and co-appellee M. L. Calhoun fraudulently conspired and agreed to set aside said divorce decree so that Raymon A. Calhoun's will would not be voided and they would be entitled to share his estate, one as the wife and the other as sole devisee under the will; and that she was not a party and had no notice of the suit to set aside the divorce decree. Upon motion, the other collateral heirs interested in the estate were made parties. The controlling issue here is whether or not the motions for summary judgment pierced the pleadings and resolved all issues of fact as to the setting aside of the divorce decree.

Appellees' motions for summary judgment were supported only by their affidavits. Appellants filed no counter-affidavits. Copies of Raymon A. Calhoun's will, the divorce

proceedings, and the complaint to set aside the divorce decree, are attached to the motions.

Insofar as applicable to the controlling issue, Virgie Lee Redding Calhoun's affidavit states as follows: She and Raymon A. Calhoun were married on May 7, 1966, and lived together as man and wife until he was hospitalized in January 1971, after which she continued to visit with him in the hospital and nursing home until his death; upon representations of her husband that he was not going to get a divorce (made in the presence of a witness), she did not file defensive pleadings to the divorce action; she did not know of and had no notice of the final hearing in the divorce action; from the date of her husband's death until the hearing on the suit to set aside the divorce decree, she did not see M. L. Calhoun except at her husband's funeral; that during this time she did not speak to him; and she has not fraudulently conspired against the complainant or anyone else.

Insofar as applicable, M. L. Calhoun's affidavit states as follows: In June 1971, upon the request of Raymon A. Calhoun while he was confined in a nursing home, he inquired of Raymon A. Calhoun's attorneys when the divorce suit could be heard; upon being informed of the date, he arranged for an ambulance to take him to court where the matter was tried and a divorce granted; as administrator, he filed an answer to the petition to set aside the divorce decree; he appeared at the trial not admitting the pertinent allegations of the petition; he had no evidence to refute the case established by Virgie Lee Redding Calhoun; he knew only that they continued to reside in the same residence after the divorce suit was filed; a personal animosity exists between him and Virgie Lee Redding Calhoun, and he has not entered into any conspiracy with her, directly or indirectly, nor has anyone acting in his behalf done so. *Held:*

1. "While summary judgment may in a proper case be obtained in an action based fraud on and misrepresentation, summary judgment will be denied if the moving

party is not entitled to judgment as a matter of law. According to some decisions, fraud or false representation is not usually susceptible to summary disposition, and where information with reference to the claimed fraudulent transaction rests exclusively within the knowledge of the participants, and plaintiff has no means successfully to meet the facts alleged in defendant's affidavit, summary judgment should not be granted on defendant's affidavit." 35B CJS 585, § 1180. In 6 Moore's Federal Practice 2554, § 56.17 (27) it is stated in part: "In ruling on the motion [for summary judgment in a fraud case], the court should remember that the movant has the burden of demonstrating clearly the absence of any genuine issue of material fact, that the court should not draw factual inferences in favor of the moving party, and should not resolve a genuine issue of credibility. In this latter connection where the critical facts are in the possession of the moving party, the desirability that he submit himself to cross examination in open court is a factor to be considered . . ." The trial court erred in granting the motions for summary judgment of the appellees.

2. In view of this ruling the other enumerations of error need not be decided by this court.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1972—DECIDED OCTOBER 5, 1972—
REHEARING DENIED NOVEMBER 30, 1972.

*James R. Venable, Henry G. McBrayer, Jr., Seay & Sims, Marshall R. Sims,* for appellants.

*Beck, Goddard, Owen, Squires & Murray, John H. Goddard, Samuel A. Murray, Carlisle & Johnson, John R. Carlisle,* for appellees.