## 34039. THOMAS v. McGEE et al.

JORDAN, Justice.

This appeal is from the grant of a partial summary judgment.

Lois Partridge McGee married John Daniel McGee in September, 1972. In July, 1973, Barbara Sue T. and Julian F. Brooks, Jr., conveyed a house and lot to the McGees. In June, 1975, Lois Partridge McGee conveyed this property to John Daniel McGee by quitclaim deed. Lois Partridge McGee died in May, 1976. She had instituted an action for separate maintenance against her husband, which was pending at her death. In September, 1976, John Daniel McGee executed a deed to secure debt covering this property to his attorney, James M. Watts. In October, 1976, John Daniel McGee executed a deed to Sarah Hughes McGee, who was then his wife. John Daniel McGee died in November, 1976.

Edith Rasmussen Thomas, as executrix of Lois Partridge McGee, brought an equitable complaint against Sarah Hughes McGee and others, seeking to impress a constructive trust in favor of the estate of Lois Partridge McGee on the deed from the Brooks to Lois Partridge and John Daniel McGee, and to cancel the other deeds above mentioned.

Sarah Hughes McGee and James M. Watts filed

separate motions for summary judgment, and Edith Rasmussen Thomas filed a motion for summary judgment. The trial judge found that Sarah Hughes McGee and James M. Watts were entitled to partial summary judgment in that there is no genuine issue as to any material fact as to the validity of the deed from Barbara Sue T. and Julian F. Brooks, Jr., to Lois Partridge McGee and John Daniel McGee, and that no constructive or implied trust will be impressed on said deed in favor of the plaintiff. Summary judgment was denied to Sarah Hughes McGee and James M. Watts as to the remaining issues, and summary judgment was denied to Edith Rasmussen Thomas, executrix.

Edith Rasmussen Thomas assigns error on the grant of a partial summary judgment against her and the denial of her motion for summary judgment.

1. The appeal in this case is from interlocutory rulings, and the case remains pending in the court below. Under Code Ann. § 81A-156 (h) (Ga. L. 1975, pp. 757, 759), the judgment granting partial summary judgment was appealable, but the judgment denying summary judgment was reviewable only by certificate of immediate review and application for review by this court. See *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753) (1976), as modified by *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327) (1977).

There was no certificate for immediate review and application for review by this court, and the ruling denying summary judgment to the appellant is not reviewable.

2. With reference to the deed which the trial judge held to be valid, the appellant alleged: This deed purports to vest title to the property in Lois Partridge McGee jointly with her husband, John Daniel McGee. John Daniel McGee paid no part of the consideration for the deed. At the time of the purchase of the property there was great disparity of mental ability between the husband and wife. He was domineering, cunning, and consciously desirous of enriching himself at the expense of his wife. She was dependent, docile, and laboring under severe mental and physical illness. He inflicted severe mental and physical cruelty upon her prior to and subsequent to

the purchase, culminating in the ultimate abandonment of his wife. A court of equity should impress a constructive trust on this property in favor of the estate of Lois Partridge McGee.

The evidence on the motion for summary judgment showed the following: Mrs. Lois Partridge McGee was a patient in a mental hospital at some time during all of the years from 1962 through 1975, except 1965. In March, 1976, a guardian was appointed for her because of her mental illness and lack of capability of managing her estate. The purchase price of the property was paid by her from her trust fund. At the time of the sale her husband appeared to be angry with her and she appeared to be afraid of him. After they moved in the house, neighbors observed that she was physically weak, mentally incapable of caring for herself, and was physically abused by her husband. In August, 1975, she was abandoned by her husband and appeared to be severely in need of nursing care. At a period in 1975 she was in a nursing home, and the records showed her poor health and abusive. treatment by her husband.

"In opposing a motion for summary judgment it is not necessary for the plaintiff to produce sufficient evidence to show that the plaintiff is entitled to the relief sought." *Wall v. Ga. Farm &c. Ins. Co.,* 238 Ga. 275 (232 SE2d 555) (1977). There was sufficient evidence to withstand the motion for summary judgment by the appellees Sarah Hughes McGee and James M. Watts on the issue of the impression of a trust in favor of the decedent's estate as to the interest of John Daniel McGee in the property conveyed by the deed made by the Brookses to the McGees. Compare *Mitchell v. Calhoun,* 229 Ga. 757 (194 SE2d 421) (1972); *Pickett v. Paine,* 230 Ga. 786, 797 (199 SE2d 223) (1973); *Durbin v. Woods,* 235 Ga. 120 (218 SE2d 865) (1975).

*Judgment reversed as to the grant of partial summary judgment. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 20, 1978 — DECIDED OCTOBER 25, 1978.

*Harrison & Roper, Gary D. Stokes, D. Landrum Harrison,* for appellant.

*George M. Stembridge, Jr., Robert H. Herndon, Owens, Littlejohn, Gower & Pugh, Charles A. Gower,* for appellees.