### 69093. MALIN v. SERVISCO, INC.
(323 SE2d 278)

DEEN, Presiding Judge.

James C. Malin, individually and d/b/a Malin Trucking Co., appeals from the grant of appellee/plaintiff's motion for a directed verdict, contending that there was a substantial conflict in the evidence as to the validity of the contract in question and the number of missing uniforms for which he was charged under the contract's liquidated damages provision. *Held*:

1. Appellant/defendant claims he relied upon the oral representations made by appellee's salesman at the time of, or prior to, the execution of the contract and that he was not familiar with the terms of the contract because he did not read it.

Unilateral mistake is not a defense to contractual liability. *Jack V. Heard Contractors v. A. L. Adams Constr. Co.*, 155 Ga. App. 409 (271 SE2d 222) (1980). A person who signs a contract without reading it is bound to its terms unless he can show an inability to read, an emergency, or the occurrence of some type of fraud which prevented him from reading the documents. *Carrion v. Smokey, Inc.*, 164 Ga. App. 790 (298 SE2d 584) (1982). Reliance upon the representations made by the other party is not grounds for cancellation, reformation or the defeat of an action based on the contract absent proof of emergency, fraud or a fiduciary or confidential relationship with the party making the representation. *Conklin v. Liberty Mut. Ins. Co.*, 240 Ga. 58 (239 SE2d 381) (1977). Appellant's testimony did not establish any of these accepted defenses. He did, however, testify that he failed to read the provisions of the contract and that he had a habit of not reading documents before signing them. His claim that certain blanks left in the contract were completed by the other party indicates the lack of a meeting of the minds is totally without merit. *Butts v. Atlanta Fed. Savings &c. Assn.*, 152 Ga. App. 40 (262 SE2d 230) (1979). Moreover, he admits initialing the area specifying the contract period, which he claims was left blank.

Appellant further argues that the contract was improperly admitted into evidence because the appellee failed to establish the authenticity of the signature of the person accepting the contract on the company's behalf. There is no challenge to the authenticity of Malin's signature or that of Epperson, the salesman. Malin questions the signature of Dwight Miller, Epperson's supervisor. Epperson testified that he transmitted the document to Miller and received it back with Miller's signature, and that he recognized the signature as Miller's because he was familiar with it. This testimony satisfies the requirements of OCGA § 24-7-6 (Code Ann. § 38-708). Appellant's argument must also fail because he authenticated his own signature and waived his right to contest the contract's validity when he ratified it by accepting the services provided and conducting himself according to its terms for over a year. There was no evidence presented by appellant to contradict appellee's claim that 35 uniforms had not been returned.

2. In his sole remaining enumeration of error appellant claims the trial court erred by introducing testimony of his prior business transactions. This testimony was elicited by the appellee solely for impeachment purposes after Malin testified he "always paid his bills on time." The complained of documents were not admitted into evidence and were offered to appellant to assist him in refreshing his memory. As the basis for his objection was that they would prejudice the jury, we find no merit in his argument because the court entered a directed verdict against him.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 17, 1984.

*William S. Dominy,* for appellant.
*Elizabeth A. Edelman, Michelle J. Bardavid,* for appellee.