## A03A2329. FRIAR v. FRIAR.
### (595 SE2d 374)

MILLER, Judge.

Louise Friar transferred two certificates of deposit and certain interests in real estate to her sons J. D. and Darrell Friar to protect these assets from anticipated expenses in case she should go to a nursing home. She later requested that they return the assets, which Darrell did but which J. D. refused to do. She sued J. D. for fraud and coercion and moved for partial summary judgment, arguing that there was no dispute that the assets should be returned to her. J. D. submitted evidence that there was no fraud or coercion and that Louise understood the transfers were irrevocable. The court granted Louise partial summary judgment, holding liability was established in her favor and vesting title to the assets in her, with damages to be

---

later determined by a jury. J. D. appeals, contending that genuine issues of fact precluded summary judgment. We agree and reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). We review the grant of summary judgment de novo, construing the evidence in favor of the non-movant. Id.

Construed in favor of J. D., the evidence showed that Louise appeared at her bank to transfer two certificates of deposit, one to each of her sons J. D. and Darrell. She told the bank representative that she was concerned that she might have to go to a nursing home and that she wanted to protect her assets by transferring the certificates of deposit to her sons with the interest on the certificates to be paid to her. The bank representative asked Louise if she was sure that this was what she wanted to do, specifically explaining to Louise that if she put the certificates in her sons' names, she would no longer hold title to the money. Louise confirmed that this was her desire, as she feared that if she became ill the government would take her money and that under the proposed arrangement she would be receiving the interest on the certificates. The bank representative, who had often experienced such transactions with elderly clients, prepared the necessary forms, again explaining to Louise the consequences of signing the forms. Appearing to the bank representative to have control of all her faculties and to not be under any duress, force, or threat, Louise indicated her understanding of the transaction and signed the forms.

Louise also appeared in her attorney's office with her two sons, expressing a desire to transfer her residence to them with a life estate reserved to her. She expressed her concern that her estate would otherwise be consumed by nursing home expenses in the event that she were to receive such care. She believed that by deeding the residence to her sons and reserving a life estate, she would enjoy all the benefits of ownership and not worry about the government taking the assets for nursing care expenses. The attorney carefully counseled Louise on the consequences of deeding the real property away, explaining that this was a final transfer that was irrevocable and could not be recalled. She fully understood this and nevertheless proceeded with the transaction. The attorney testified that Louise appeared to be in full control of her faculties and knew exactly what she was doing.

Louise later demanded that her sons return to her the certificates of deposit and their interests in her residence. She claimed that she and her sons had agreed that they would return the assets to her on her request. Darrell eventually returned the assets to her, but

J. D. declined. She sued J. D. and her bank for fraud, coercion, and emotional distress, asserting that she was coerced or tricked into transferring the assets, and for relief asking to have the assets returned to her as well as seeking to recover various damages. She moved for partial summary judgment against J. D. on the issues of liability and ownership of the property. The court granted the motion, vesting in Louise title to J. D.'s certificate of deposit and title to J. D.'s remaining interest in the residence and entering summary judgment as to liability against J. D., with the issue of damages left for later resolution by a jury. J. D. appeals.

1. Evidence from the bank representative and from Louise's attorney refuted Louise's allegations of fraud and coercion. Both of these witnesses carefully advised Louise on the consequences of her actions and saw nothing that would lead them to believe Louise was being coerced or tricked. Inasmuch as fraud or false representation is not usually susceptible to summary disposition, the trial court erred in entering summary judgment on the issue of liability. See *Mitchell v. Calhoun*, 229 Ga. 757, 760 (1) (194 SE2d 421) (1972).

2. The trial court also erred in deciding as a matter of law that the evidence demanded that the assets be returned to Louise immediately. The court based this determination solely on Louise's testimony that her sons had agreed to return the assets to her upon her request. Even though J. D. was never deposed as to whether such an agreement existed, the testimony from the attorney and bank representative would allow a jury to infer that no such agreement existed. Both witnesses testified that they carefully informed Louise that her anticipated transfers of these assets were irrevocable, to which Louise raised no protest nor made any other indication that she and her sons had agreed otherwise. A jury could believe that had such an agreement existed, Louise would have mentioned it in one of these conversations with the bank representative or with her attorney, and the jury could therefore infer from her silence that no such agreement existed. Indeed, since the purpose of the transfers was to allow Louise to enjoy the income and use of these assets while protecting them from being used to pay anticipated nursing home expenses, returning these assets to Louise would effectively destroy or distort this purpose and could thus be inferred to not have been the agreement or understanding of the parties. Thus, there is evidence that the terms under which the property was transferred or entrusted to the sons did not allow for a return of those assets at Louise's request, but were simply irrevocable transfers. A summary determination that these assets were owned by and had to be returned to Louise as a matter of law was therefore inappropriate. Cf. *Thomas v. McGee*, 242 Ga. 441, 443 (2) (249 SE2d 242) (1978).

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

Decided February 18, 2004.

*Moore & Studstill, Mitchell O. Moore,* for appellant.
*Berrien L. Sutton, Bryant H. Bower, Jr.,* for appellee.