### REID *v.* MANGHAM.

GILBERT, J. The court did not err in refusing an injunction. Under the allegations of the petition, including the deed, we can not hold as a matter of law that the defendant was obligated to supply water for the sprinkler system of the warehouse without payment of the customary and reasonable charges for supplying such water, as in the case of other customers.

*Judgment affirmed. All the Justices concur.*

No. 4409. OCTOBER 16, 1924.

Petition for injunction. Before Judge Irwin. Haralson superior court. May 11, 1924.

Mangham sold to Reid described real estate. The habendum clause of the deed conveying the same is as follows: "To have and to hold the said bargained premises, together with all and singular the rights, members, and appurtenances thereof to the same being, belonging, or in any wise appertaining, to the only proper use, benefit, and behoof of the said party of the second part, his heirs and assigns, in fee simple." Reid filed a petition alleging, that the property consisted of a warehouse which at the time of purchase was equipped for protection against fire with an automatic sprinkler system connected with a system of waterworks, including a tank of seventy-five thousand gallons capacity, owned and maintained by Mangham; that to make said sprinkler

system available for protection against fire it is necessary that the water pressure upon the same be maintained; that at the time of the purchase the pressure from the waterworks system and tank above mentioned was upon the same; that the value of the property was largely enhanced by reason of being equipped with the sprinkler system and having the pressure from the waterworks; that the price paid for the property was $3000 or other large sum in excess of what would have been paid but for the same; that said sprinkler system with water pressure is valuable to petitioner, in that it enables him to procure insurance upon the property at a lower rate than he would otherwise be able to do, and adds greatly to the renting value of the property; that he has rented the building, and the rental charges are based upon the protection against fire afforded by the sprinkler system; that Mangham denies that petitioner has the right to the water pressure which makes said sprinkler system available for protection against fire, and claims that petitioner should pay him such a monthly rate therefor as he may fix from time to time; that upon refusal of petitioner to recognize this claim, Mangham is preparing to dig up and destroy the connection between the waterworks system and the sprinkler system, and has obtained from the mayor and council of the city permission to go into the street adjacent to petitioner's warehouse for this purpose; that this act will render the sprinkler system worthless; that the cut-off between said waterworks system and the sprinkler system is located upon the property of petitioner, and defendant has no way to cut the water off except by going upon petitioner's property or by digging up and entirely severing the pipe line; that unless defendant is restrained by injunction from digging up said connection, petitioner's property will be greatly injured and damaged, resulting in irreparable mischief and a multiplicity of suits touching compensation to petitioner for increased insurance from year to year as to the building and also as to the stock of goods of his tenant; that the injury will be constantly recurring, and can not be adequately compensated at law. The prayer was that the defendant be restrained by injunction from severing the connection between the waterworks and sprinkler system, or in any way interfering with the free, full, and complete use and enjoyment of the sprinkler system and water pressure.

The defendant demurred to the petition, upon the following grounds: (1) It does not set out a cause of action; (2) considered as a whole it shows petitioner has no right to the relief sought; (3) the habendum clause of the deed is not subject to the construction placed upon the same by petitioner, and does not mean that petitioner obtained the right to have and enjoy the use and benefit of said water system with water. pressure at all times. The bill of exceptions recites: "At the hearing it was agreed by the parties thereto that the said demurrer raised the questions of law as to whether the plaintiff was entitled to relief prayed, and that the decision of the court on said questions raised by said demurrer would and should control the case, and would determine the rights of both parties to the case." The order of the court denying the relief sought recites: "Opposing counsel at the hearing agreed that the case would turn upon the construction of the deed, and submitted the case to the court to construe the habendum clause of the deed." Error was assigned upon the judgment of the court refusing to grant an injunction.

*I. N. Cheney* and *Edwards & Edwards,* for plaintiff.

*E. S. Griffith,* for defendant.