18441. GLORE v. HAGGARD et al.

JENKINS, P. J. 1. If the owner of land establishes thereon a system of pipes or conduits through which water is conveyed from a source of supply over one portion of his premises to another portion for the benefit of the latter, and then alienates the portion to which the water is thus conveyed, the right to receive water through such pipes or conduits over the land not conveyed will pass to the grantee by general words. 19 C. J. 938, § 143 (4); Nicholas v. Chamberlain, Cro. Jac. 121, 79 Reprint, 105; *Baker* v. *McGuire*, 53 *Ga.* 245; *Muscogee Mfg. Co.* v. *Eagle & Phenix Mills*, 126 *Ga.* 210 (9, 10), 227 (54 S. E. 1028, 7 L. R. A. (N. S.) 1139).

2. The right of such a grantee to receive water through such pipes is not dependent upon any prescriptive title to such easement, but passes to him by reason of the fact that the owner of the entire premises had employed the portion now owned by the defendants so as to give to the portion now owned by the plaintiff an apparent benefit of a continuous nature, to the reasonable enjoyment of which the quasi-easement is necessary. 19 C. J. 914, § 103, b. Upon the partition of such premises between the heirs of the original owner, the general rule is that each heir will take his share subject to any apparent, permanent, and reasonably necessary quasi-easements which existed thereon for the benefit of another part of such real estate at the death of the ancestor. 19 C. J. 915, § 106, c.

3. Such an easement, being appurtenant to the dominant estate, passes with it, although the conveyance thereof may not expressly mention the easement, or contain a general conveyance of the appurtenances of the estate (*Stovall* v. *Coggins Granite Co.*, 116 *Ga.* 376, 378, 42 S. E. 743), and the grantee of such dominant estate may maintain an action against one who interferes with the use and enjoyment of his right therein.

4. Under the foregoing rulings, the petition set forth a cause of action, and the court erred in sustaining the general demurrer.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JUNE 15, 1928.

*Morris, Hawkins & Wallace,* for plaintiff.
*Fred Morris, George D. Anderson,* for defendants.