690

19618.  CLEVELAND *et al. v.* ADAMS *et al.*

DECIDED DECEMBER 13, 1929.  REHEARING DENIED JANUARY 23, 1930.

*Lawrence S. Camp, Robert Carpenter Jr.,* for plaintiffs.
*William J. Davis Jr.,* for defendants.

JENKINS, P. J. 1.  "If the owner of land establishes thereon a system of pipes or conduits through which water is conveyed from a source of supply over one portion of his premises to another portion for the benefit of the latter, and then alienates the portion to which the water is thus conveyed, the right to receive water through such pipes or conduits over the land not conveyed will pass to the grantee by general words."  *Glore* v. *Haggard,* 38 *Ga. App.* 278 (143 S. E. 780).

2.  In the instant case the petition alleged that the plaintiffs were purchasers from the defendants of a house and lot which was supplied with water by a pipe running from a water-main, over the contiguous property of the defendants, to the premises purchased by the plaintiffs, which pipe had been installed by the defendants when they owned both properties, and before the executor of a deed to the plaintiffs containing a general conveyance of the appurtenances of the estate, and that the defendants "wilfully, unlawfully, and intentionally dug down on lot number 1, their own lot, and cut off and stopped up the said underground waterline to petitioners' house."  Under the ruling made in *Glore* v. *Haggard,* supra, such action on the part of the defendants constituted a violation of the rights of the plaintiffs, under their contract of purchase, and gave rise to a cause of action, and it was error for the court to sustain a general demurrer and dismiss the petition.  No question is made by the petition with reference to any right or claim of plaintiffs to have water furnished them through the meter of the de-

fendants and at their expense. In point of fact, it does not appear, from the allegations of the petition, that the water being supplied to the plaintiffs' premises flowed through the meter on the defendant's premises and was being paid for by them. Counsel argue in their briefs, however, that such must be the natural conclusion, under the facts and circumstances set forth by the record. However this might be, the purchase by the plaintiffs from defendants of the premises as supplied with water and equipped with the necessary fixtures and conveniences for its use gave them the right to the use of that which they had bought, and this use the defendants who sold the property could not take away, even though they might be subjected to cost and expense on their own part to re-equip their own service, or that of their vendees, so as to avoid the trouble and inconvenience of both establishments being supplied with water through one meter.

3. Since it appears from the bill of exceptions that the court based its ruling on the general demurrer and did not pass upon the questions raised by the special demurrer, it is not necessary to deal with the special demurrer, nor is it necessary to pass upon the motion of the plaintiffs to reopen the case and permit the filing of an amendment.

*Judgment reversed. Stephens and Bell, JJ., concur.*

ON MOTION FOR REHEARING.

Defendant in error, by motion for rehearing, advances as a reason why the instant case is not controlled by the ruling made in *Glore* v. *Haggard,* supra, that the petition does not show that the plaintiffs bought the property involved from the defendants, but indicates that it was purchased from another person. The petition is silent as to who conveyed the property to plaintiffs, but it does allege that the system of water-pipes was installed over the entire tract by the defendants, who thereafter sold the portion now owned by plaintiffs and conveyed it by a deed containing a general conveyance of the appurtenances of the estate. This was sufficient, in the absence of a special demurrer calling for a more specific allegation as to the manner in which the plaintiffs acquired title, to bring the case within the principle announced in *Glore* v. *Haggard.*

It is further contended in the motion for rehearing that the *Glore* case is without application because in that case the supply of water came from a spring, or natural source, and was used without

692

cost or regulation, and there was a definite agreement between the parties that the portions of the property conveyed should continue to be served by the water line and water system; whereas in the instant case there was no such agreement as in the *Glore* case, and the supply of water did not come, free of charge, from a natural source, but from the water-mains of the City of Atlanta. It was not ruled, and was not intended to be ruled, in the original opinion in this case, that the plaintiffs had a right, by virtue of the purchase from the defendants of a tract of land with appurtenances, over which the defendants had installed a system of water-pipes, to have water supplied to them by the defendants without any charge therefor. The effect of the ruling made was that, under the principle announced in the *Glore* case, "the right to receive water through such pipes or conduits over the land not conveyed" passed under the deed of the defendants by general words, without reference to any prior or contemporaneous agreement to the same effect; that the right to the use of the pipes on the portion of the premises retained by the defendants for the purpose of conveying water to the premises sold by them passed by the general conveyance of appurtenances, as an easement appurtenant to the estate sold. It is alleged by the petition that the defendants dug down on their own lot and cut off and stopped up the underground water line to the plaintiffs' house. This constituted a violation of the rights of the plaintiffs under their contract of purchase, because it destroyed their "right to receive water through such pipes or conduits over the land not conveyed," and afforded a basis for the suit brought.

*Rehearing denied.*