43688.   SMALLWOOD v. CONNER.

JORDAN, Presiding Judge.   By warranty deed dated December 24, 1960, Conner conveyed to Smallwood a described lot of land in Belvedere Acres Subdivision in Hall County, excepting therefrom a 25-foot square in the southeast corner, in respect to which he granted "the right to the use of the well located on the above mentioned 25-foot square and the water therefrom, including the right to lay and maintain pipe as may be necessary to conduct water from said well to said Lot 21 in Block B."   Conner sued Smallwood in justice court on April 23, 1966, claiming $195 as due on a water bill, and obtained a judgment.   Smallwood appealed to Hall Superior Court, where the case was consolidated by agreement with another action by Smallwood against Conner and others seeking relief to preserve his right to obtain water from the well without interference from Conner and his successors in title.   The order consolidating the cases and incorporating the stipulations of the parties shows that Smallwood, without admitting any amount as due for water service, had placed $36 in escrow under an agreement in July, 1966, as representing water use for one year, and that the parties agreed for the court to consider in evidence the warranty deed from Conner to Smallwood, health regulations pertaining to water supply service, under which the State Department of Public Health would not allow Smallwood to install his own system to obtain water from the well so long as Conner and his successors have a pump in the well, the transcript of evidence adduced in justice court, together with other evidence, the judge, after

60

studying same, to enter judgment with findings as to law and facts. The court found, among other things, that Conner did not obligate himself, under the warranty deed, to *deliver* water from the well, that during the period of time that Smallwood accepted delivery of water through Conner's facilities there was an implied agreement to pay for same, that the reasonable value was $3.00 per month, and that Conner was entitled to judgment for water service at the rate of $3.00 per month for the four-year period within the statute of limitation preceding the justice court action. Judgment in this respect was entered against Smallwood, from which he appeals to this court. *Held:*

The enumerated errors are in substance the same as the general grounds of a motion for new trial, and present for determination the sole issue of whether the judgment of $3.00 per month for water service for a period of four years is authorized under the law and evidence. We think so. Except between very near relatives, where one accepts services from another, a promise is implied to pay the reasonable value thereof. *Code* § 3-107. Recovery is limited to claims accruing within four years. *Code* § 3-706. While the warranty deed clearly conveyed the right to *use* water from the well, it contains no provisions whatsoever to provide the grantee with services free of charge in using the facilities of the grantor in *supplying* the water. See *Reid v. Mangham,* 159 Ga. 131 (125 SE 50) ; *Cleveland v. Adams,* 40 Ga. App. 690 (151 SE 238). The evidence is ample to disclose that the reasonable value of these services, which the grantee accepted, is $3.00 per month.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED JUNE 5, 1968—DECIDED JUNE 24, 1968.

*C. Winfred Smith,* for appellant.
*Hammond Johnson, Jr.,* for appellee.