S89A0069. ROWLAND et al. v. WOODS et al.
(388 SE2d 684)

SMITH, Presiding Justice.

The appellees, Thomas R. Woods et al., are the owners of certain lots and a well in the Green Acres Mobile Home Park. The appellants, Harrison Rowland et al., are residents of Green Acres. The appellees' well serves as the source of water for Green Acres. Soon after appellant Rowland moved into Green Acres, the appellees wrote to inform him that: "Green Acres Mobile Home Park will no longer supply you water." The appellants unsuccessfully sought an injunction to prevent the appellees from terminating the water supply. The trial

---

court found that there was no "covenant whatsoever in said deed placing any obligations upon the Defendants to furnish any water to any person at any price." We reverse.

When Green Acres was constructed, approximately fifteen years ago by Hutchinson Homes, Inc., pipes were laid that connected the subdivided lots to the well. Subsequently appellee Woods purchased certain lots including the well. He was aware at the time of purchase that the well was Green Acres' water source. He also testified that because of a "French drain" in the old portion of Green Acres that it is "complete[ly] impossibl[e]" to dig wells.

The appellees' desire to develop more property prompted a need for more water and the idea that they would deny any new owner the right to have water from their "private well." The residents were put on notice that if they sold their property the water supply would terminate with the sale.

1. The issue before us is whether the appellees can terminate the water supply to the lots as they are sold. The answer can be found in *Glore v. Haggard*, 38 Ga. App. 278 (143 SE 780) (1928), a case involving a quasi-easement or an easement implied from a prior or existing use.

A quasi-easement arises when the owner of an entire tract uses one part of the tract for the benefit of another and thereafter the tract is divided so that the benefited parcel, quasi-dominant estate, is separated from the burdened parcel, quasi-servient estate. If the quasi-dominant estate receives a benefit that is apparent, continuous, permanent in nature, and is necessary and beneficial to the enjoyment of the quasi-dominant estate, then an easement is implied from the prior use. Here, Hutchinson Homes, Inc., used one portion of its commonly owned property, the well, to benefit other portions of the property, water supply to the subdivided lots. The appellants' right to receive the water is

> not dependent upon any prescriptive title to such easement, but passes to [them] by reason of the fact that the owner of the entire premises [Hutchinson, Inc.] had employed the portion now owned by the [appellees] so as to give to the portion now owned by the [appellants] an apparent benefit of a continuous nature, to the reasonable enjoyment of which the quasi-easement is necessary. [Cit.] Id.

The appellees had actual notice that the well served all of Green Acres. The water pipes and water are "apparent, permanent, and reasonably necessary quasi-easements which existed . . . for the benefit of [Green Acres]." Id. The appellants as owners of the quasi-dominant estates have a right to obtain water from the well because of the

quasi-easement.

2. The trial court order stated that there was no covenant in the deeds requiring the appellees to supply water to the appellants, but a covenant is not necessary in this case. The easement is appurtenant to the benefited property, dominant estate, and it passes with it,

> although the conveyance thereof may not expressly mention the easement, or contain a general conveyance of the appurtenances of the estate [cit.], and the grantee of such dominant estate may maintain an action against one who interferes with the use and enjoyment of his right therein. Id.

3. Although the appellants have a right to receive the water from the well because of the quasi-easement, the appellees also have a right to receive "reasonable value" for the water supplied. *Smallwood v. Conner*, 118 Ga. App. 59, 60 (162 SE2d 747) (1968).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 28, 1990.

*M. McNeill Holloway III*, for appellants.
*Samuel A. Fowler, Jr.*, for appellees.