**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 29, 2021**

# In the Court of Appeals of Georgia

A21A0418. STEWARD et al. v. ARANDIA et al.

MILLER, Presiding Judge.

In this civil dispute between property owners regarding a water well, Brenda Steward and Roosevelt Nelson ("Plaintiffs") appeal from the trial court's order granting summary judgment to Liboria Arandia and John and Jane Doe and the trial court's order dissolving a temporary injunction. On appeal, the Plaintiffs argue that the trial court erred by (1) refusing to strike a survey; (2) considering an untimely affidavit; (3) granting summary judgment on their claim for declaratory judgment when the Defendants did not move for summary judgment on that claim; (4) granting summary judgment on their ejectment and trespass claims; (5) ruling that Nelson did not have easement ripening from an express license under OCGA § 44-9-4; (6) granting summary judgment on their quasi-easement claim; and (7) dissolving the

temporary injunction. For the reasons that follow, we affirm in part, vacate in part, and remand the case for further proceedings.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Gervin v. Retail Property Trust*, 354 Ga. App. 11 (840 SE2d 101) (2020).

So viewed, the evidence shows that Cecil Brown previously owned three separate but adjoining tracts of land, Lots 11 through 13, on Social Circle-Fairplay Road in Walton County, Georgia. In 1992, Brown constructed a water well near the property line between Lots 12 and 13. In 2000, the Plaintiffs moved onto Lot 13, and Brown moved into a home that was located on Lot 12. Brown told Nelson that the well was on Lot 13, and the Plaintiffs agreed to allow Brown to use the well and the common driveway. Nelson paid the electricity and maintenance expenses for the well from 2000 until 2017. Brown's health began to decline in 2012, so he vacated the home on Lot 12 and conveyed Lot 13 to the Plaintiffs by warranty deed. Nelson then

disconnected the well from the home on Lot 12. The Plaintiffs subsequently divorced in 2014, and as a result of the divorce decree, Steward was awarded one acre of the property. In 2015, Wells Fargo foreclosed on Brown's interest, and Arandia subsequently acquired Lots 11 and 12. Nelson spoke with Arandia about the well, and Nelson told Arandia that the well was located on his property but that he would allow Arandia to use the well if Arandia agreed to pay the well's electricity expenses.

According to the Plaintiffs, between 2017 and 2018, Arandia or someone acting at his direction disconnected the well pump from the Plaintiffs' electrical system and powered the well pump with an extension cord connected to Arandia's house. The Plaintiffs also alleged that Arandia or someone acting at his direction placed a fence around the well which prohibited them from accessing and using the well.

The Plaintiffs filed the instant suit against Arandia and John Doe defendants, asserting claims for ejectment and trespass, as well as claims for attorney fees and injunctive relief. Arandia answered the complaint and counterclaimed, asserting claims for fraudulent inducement, trespass, attorney fees, punitive damages, and a declaratory judgment that he is the owner of the well. The Plaintiffs also filed a motion for a temporary injunction preventing Arandia and others from disconnecting

3

the well, which the trial court granted after a hearing. Arandia later filed a motion for summary judgment and a motion to dissolve the temporary injunction, arguing that the Plaintiffs' claims failed as a matter of law because he is the owner of the well. In support of his motion, Arandia attached a survey ("Garmon Survey") which showed that the well is located entirely on his property, 2.61 feet from the boundary line at the closest point. The Plaintiffs then filed an amended complaint, adding a claim for declaratory relief that Nelson owned the well, that Nelson owned the well jointly with Arandia, and that either Steward has a quasi easement in the well or that both Nelson and Steward have a quasi easement in the well if it was determined that Arandia owned the well. In responding to Arandia's motion for summary judgment, the Plaintiffs attached (1) an affidavit from Nelson stating that Arandia was aware that the well was on Nelson's property; (2) a 1994 survey that showed that the well is located near the boundary line for the properties; and (3) sewage inspection reports, all of which the Plaintiffs asserted support their claim that the well is located on their property. The trial court later granted Arandia's motion for summary judgment on all of the Plaintiffs' claims and his motion to dissolve the temporary injunction after a hearing. This appeal followed.

1. In two related enumerations of error, the Plaintiffs argue that the trial court erred by considering the Garmon Survey and supporting affidavit in adjudicating the motion for summary judgment because there was no oral testimony offered in support of the survey, and the affidavit was untimely. We conclude that the trial court erred by considering Garmon's affidavit and we remand the case to the trial court to reconsider the admissibility of the Garmon Survey.

(a) As to the Plaintiffs' claim that Garmon's affidavit was untimely,

[t]he law is clear that affidavits relied upon in support of a motion for summary judgment must be on file for at least 30 days prior to the hearing. OCGA § 9-11-56 (c), which requires that a motion for summary judgment be served at least 30 days before the time fixed for a hearing, and OCGA § 9-11-6 (d), which requires that when a motion is supported by affidavit, the affidavit shall be served with the motion, have been construed together to mean that an affidavit relied on in support of a motion for summary judgment must be on file for at least 30 days prior to the hearing. This filing requirement is not waived unless the opposing party acquiesces in the use of the untimely materials or the party seeking to file a late affidavit seeks and obtains an extension from the court pursuant to OCGA § 9–11–6(b) to extend the time for filing[.] . . . Even if the court . . . extend[s] the time for filing, any such extension of time within which to file supporting affidavits should also ensure that the party opposing the motion will have 30 days within which to respond.

(Citations and punctuation omitted; Emphasis supplied.) *Cordell v. Bank of North Georgia*, 295 Ga. App. 402, 405-406 (1) (b) (672 SE2d 429) (2008). Furthermore, OCGA § 9-11-6 (b) provides in relevant part:

> When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time the court for cause shown may at any time in its discretion upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect.

(Citation and punctuation omitted.) *Cheung Kong Trading, Inc. v. Warrick-Sims*, 271 Ga. App. 406, 407 (609 SE2d 759) (2005).

Here, the record shows that Arandia filed his motion for summary judgment on January 22, 2020, but he did not file Garmon's affidavit for the Garmon Survey until February 27, 2020. At the summary judgment hearing held on March 2, 2020, the trial court denied the Plaintiffs' motion to strike the affidavit and ruled that the affidavit would be considered in ruling on the motion for summary judgment.

We conclude that the trial court erred in considering Garmon's affidavit submitted in support of his survey. There is no evidence that Arandia requested an extension of time to file the affidavit and Arandia did not present any evidence of excusable neglect in failing to timely file the affidavit. Accordingly, Garmon's

6

affidavit was not properly before the court and the trial court erred by relying on it in adjudicating the motion for summary judgment. See *Pierce v. Wendy's Inter., Inc.*, 233 Ga. App. 227, 229 (1) (504 SE2d 14) (1998) (trial court erred by considering untimely affidavit in ruling on motion for summary judgment, where there was no request made for an extension of time and no evidence presented to show excusable neglect in failing to timely file the affidavit); *Hershiser v. Yorkshire Condominium Ass'n., Inc.*, 201 Ga. App. 185 (1) (410 SE2d 455) (1991) (trial court erred in considering untimely filed supplemental affidavits where the movant did not request an extension of time nor did the trial court find excusable neglect on the movant's part in failing to timely file the affidavits). Additionally, the trial court's consideration of the affidavit was not harmless because the trial court relied upon the affidavit in support of the Garmon Survey in granting summary judgment to Arandia. See *Maloof v. MARTA*, 330 Ga. App. 763, 767-768 (2) (769 SE2d 174) (2015) (holding that the trial court's evidentiary ruling was not harmless where the trial court noted in its order that the evidence was sufficient to create a genuine issue of material fact). Accordingly, we conclude that the trial court erred in considering the affidavit in adjudicating the motion for summary judgment.

(b) As to the Plaintiffs' claim that the Garmon Survey was inadmissible, because we determined in Division 1 (a) that Garmon's affidavit in support of the survey was improperly considered, we remand the case to the trial court to determine the admissibility of the Garmon Survey. See *Hungry Wolf/Sugar & Spice, Inc. v. Langdeau*, 338 Ga. App. 750, 752-753 (791 SE2d 850) (2016) (vacating summary judgment award where the trial court relied on evidence not properly authenticated and remanding the case for the trial court to determine the admissibility of the unauthenticated evidence).

2. Next, in three related enumerations of error, the Plaintiffs argue that the trial court erred by granting summary judgment on their declaratory judgment claim because Arandia did not move for summary judgment on that claim, and that genuine issues of material fact remain on the claim. We disagree and conclude that the trial court did not err by granting summary judgment on the Plaintiff's declaratory judgment claim.[1]

---

[1] Although Arandia agrees with the Plaintiffs that the trial court erred by granting summary judgment on the Plaintiffs' declaratory judgment claim because he did not move for summary judgment on that claim, Arandia's concession of an alleged error is not controlling on appeal. See *Northwest Ga. Contracting, LLC v. St. Germain*, 350 Ga. App. 568, 571 (4) (829 SE2d 814) (2019) ("[T]his Court is not

(a) As to the Plaintiffs' claim that they were not afforded an opportunity to argue the merits of their declaratory judgment claim prior to the grant of summary judgment, the law is well settled that

> [n]othing in the applicable law places a burden on the nonmovant to respond to issues which are not raised in the motion for summary judgment. But a trial court may grant summary judgment sua sponte under certain circumstances, so long as it ensures that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.

(Citation omitted.) *Stephens v. Alan v. Mock Constr. Co., Inc.*, 302 Ga. App. 280, 288 (3) (690 SE2d 225) (2010).

Here, the record shows that the Plaintiffs filed an amended complaint and added a claim for declaratory relief and requested that the court determine the owner of the well. Specifically, the declaratory relief claim was predicated on their theories that the Plaintiffs had a quasi-easement or an easement running with the land. In his motion for summary judgment, Arandia argued only that there were no genuine issues of fact on the Plaintiffs' trespass, ejectment, and injunctive relief claims. The record also shows, however, that in response to Arandia's motion for summary judgment, the

bound by a party's concession on appeal.").

9

Plaintiffs argued the theories of their declaratory judgment claim. Specifically, the Plaintiffs argued that they had a quasi-easement or an easement running with the land, which were the same theories alleged in the amended complaint. Additionally, at the hearing on the motion for summary judgment, the Plaintiffs further argued the merits of their declaratory judgment claim that they had a quasi-easement or an easement running with the land.

We conclude that the Plaintiffs have failed to show that they were not afforded an opportunity to be heard on their declaratory judgment claim prior to the trial court's ruling. As shown above, the record is clear that the Plaintiffs argued the merits of their declaratory judgment claim that they had a quasi-easement or an easement running with the land in their response to Arandia's motion and at the hearing for the motion prior to the trial court's grant of summary judgment to Arandia. Accordingly, their claim to the contrary fails. See *Zions First Nat. Bank v. Macke*, 316 Ga. App. 744, 754 (5) (730 SE2d 462) (2012) (holding that the trial court did not err by granting summary judgment sua sponte where the appellant was fully heard on its arguments and interpretation of loan documents).

(b) Turning to the merits of their declaratory judgment claim, we conclude that the trial court did not err in its determination that there were no genuine issues of

material fact as to the Plaintiffs' claim that they had a quasi easement or an easement running with the land.

(i) As to a quasi-easement,

A quasi-easement is an easement implied from a prior or existing use. Under Georgia law, a quasi-easement arises *when the owner of an entire tract uses one part of the tract for the benefit of another and thereafter the tract is divided* so that the benefitted parcel, quasi-dominant estate, is separated from the burdened parcel, quasi-servient estate. If the quasi-dominant estate receives a benefit that is apparent, continuous, permanent in nature, and is necessary and beneficial to the enjoyment of the quasi-dominant estate, then an easement is implied from the prior use.

(Citations omitted; Emphasis supplied.) *de Castro v. Durrell*, 295 Ga. App. 194, 198 (1) (671 SE2d 244) (2008). "Put another way, a quasi-easement requires proof that *before the conveyance or transfer severing the unity of title*, the common owner used part of the *united parcel* for the benefit of another part, and this use was apparent and obvious, continuous, and permanent." (Citation and punctuation omitted; Emphasis supplied.) *Emson Investment Properties, LLC v. JHJ Jodeco 65, LLC*, 349 Ga. App. 644, 647 (2) (824 SE2d 113) (2019).[2]

---

[2] To the extent the Plaintiffs rely on law from other jurisdictions to argue that a single united tract is not required, we decline to adopt that rule as our case law is

Here, the record is clear that at the time Brown obtained title to Lots 11 through 13, the lots were already divided and thus there was no single united parcel at the time Brown constructed the well in 1992. Therefore, because there was no evidence presented that, prior to severance, Brown used a portion of a united tract for the benefit of another portion of a united tract, no genuine issue of material fact remained on the Plaintiffs' quasi-easement claim and the trial court therefore did not err by granting summary judgment to Arandia on this claim.

(ii) As to the Plaintiffs' claim of an easement running with the land, under OCGA § 44-9-4, "[a] parol license to use another's land is revocable at any time if its revocation does no harm to the person to whom it has been granted. A parol license is not revocable when the licensee has acted pursuant thereto and in so doing has incurred expense; in such case, it becomes an easement running with the land." "[U]nder the statute, a parol license is an express license. Thus, the statute is operative only where there is an express oral license." (Citations and punctuation

---

clear that to establish a claim of a quasi-easement, before a transfer of title, the common owner must have used part of the *united parcel* for the benefit of another part of the parcel. See *Rowland v. Woods*, 259 Ga. 832, 833 (1) (388 SE2d 684) (1990) ("A quasi-easement arises when the owner of an entire tract uses one part of the tract for the benefit of another and thereafter the tract is divided so that the benefited parcel, quasi-dominant estate, is separated from the burdened parcel, quasi-servient estate.").

omitted.) *Postnieks v. Chick-Fil-A, Inc.*, 285 Ga. App. 724, 727 (1) (647 SE2d 281) (2007).

Here, the Plaintiffs do not point to any specific facts, nor were we able to glean any facts from our overview of the record, that shows an agreement between the Plaintiffs and Brown, whereby the Plaintiffs sought and received permission from Brown to use the well. Indeed, the only evidence of any agreement regarding the use of the well was that, since Brown believed that the well was located on the Plaintiffs' property, *Brown* sought and obtained permission from the Plaintiffs to use the well for *his* property. Therefore, because the record is devoid of any evidence purporting to show that the Plaintiffs sought and received permission from Brown to use the well, no genuine issues of material fact remain as to whether, assuming the well is on Lot 12, the Plaintiffs had an easement running with the land. See *Postnieks*, supra, 285 Ga. App. at 727 (1) (no parol license to use a curb cut found where the property owner never provided express permission to use the curb cut). Thus, the trial court did not err by granting summary judgment to Arandia on this claim.

3. Next, in two related enumerations of error, the Plaintiffs argue that the trial court erred by granting summary judgment on their trespass and ejectment claims. The trial court's grant of summary judgment on these claims was based on its

conclusion that the Plaintiffs had no interest in the well because the Garmon Survey showed that the well was located on Arandia's property. In light of our holding in Division 1 (b) remanding the case to the trial court to determine the admissibility of the Garmon Survey, we vacate the trial court's order granting summary judgment on these claims and remand the case to the trial court to reconsider the motion for summary judgment on the these claims. See *An v. Active Pest Control South, Inc.*, 313 Ga. App. 110, 116-117 (720 SE2d 222) (2011) (vacating the award of summary judgment and remanding the case to the trial court to resolve evidentiary issues and to reconsider the motion for summary judgment).

4. Lastly, the Plaintiffs argue that the trial court erred by dissolving the temporary injunction. Because the trial court's order dissolving the injunction was based on its determination that there were no genuine issues of fact that remained on any of the Plaintiffs' claims, and, for the reasons stated above in Division 3, that determination was erroneous, we also vacate the trial court's order dissolving the injunction.

Accordingly, for the reasons stated above, we affirm the trial court's order granting summary judgment on the Plaintiffs' declaratory judgment claim, which was predicated on their alternative claims of a quasi easement or an easement running

14

with the land. We vacate, however, the trial court's order granting summary judgment to Arandia on the Plaintiffs' trespass and ejectment claims and we remand the case to the trial court to determine the admissibility of the Garmon Survey and to reconsider the motion for summary judgment on the Plaintiffs' trespass and ejectment claims.

*Judgment affirmed in part, vacated in part, and case remanded. Hodges and Pipkin, JJ., concur*.