**FIFTH DIVISION**
**MCFADDEN, P.J.**
**BROWN AND MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 8, 2024**

# In the Court of Appeals of Georgia

A23A1228. SCARBROUGH v. PHILLIPS et al.

MCFADDEN, Presiding Judge.

This is a dispute between neighbors about the placement of underground utility lines. The lines are located on plaintiff Franklin Scarbrough's property and serve the property owned by defendants Brittany McCabe Carson Phillips and the estate of her father (together, "Phillips"). Scarbrough argues that the trial court erred by granting summary judgment to Phillips and holding that she has the right to keep the utility lines in their current location even though that location is not within the boundaries of a recorded express easement. We hold that the trial court did not err. So we affirm.

1. *Background*

"[T]o prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to a judgment as a matter of law." *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted). When a plaintiff moves for summary judgment, he "has the burden of establishing the absence or non-existence of any defense raised by the defendant." *Vance v. FD 2011-C1 Grove Rd. Ltd. Parnership*, 340 Ga. App. 36 (795 SE2d 747) (2016) (citation and punctuation omitted). When a defendant moves for summary judgment, he has the burden of "either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims." *Cowart*, 287 Ga. at 623 (1) (a) (citation and punctuation omitted).

"We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. Because this opinion addresses cross-motions for summary judgment, we will construe the facts in favor of the nonmoving party as appropriate." *905 Bernina Avenue Coop. v. Smith/Burns LLC*, 342 Ga. App. 358, 361 (1) (802 SE2d 373) (2017) (citation and punctuation omitted).

So viewed, the record shows the following undisputed facts. Scarbrough and Phillips are owners of adjacent properties and have common predecessors in title, William Dudley Hunt III and Ellen Yancey Hunt.

On April 1, 1994, William Dudley Hunt III first acquired the parties' property as a single parcel. Four days later, he conveyed the property to himself and Ellen Yancey Hunt as tenants in common.

The Hunts lived in a house on the portion of their property that would eventually become Scarbrough's parcel. By 1997, the Hunts had completed the construction of another house on their property, this one on the portion that eventually became Phillips's parcel. That house is serviced by water and electrical lines that were buried on what has become Scarbrough's parcel.

In 2001, the Hunts by warranty deed conveyed to their daughter and her husband two acres of their property, including the house the Hunts had built. The warranty deed included the grant of a permanent easement over the property retained by the Hunts. The warranty deed described the easement as "a non-exclusive perpetual easement of ingress and egress, 30 foot in width . . ." and provided that the

"easement is granted for the purposes of ingress and egress and the laying of utility lines along said easement."

But the undisputed evidence shows that when the express easement was granted, the utility lines at issue already had been installed. The Hunts and their daughter and her husband also entered an agreement in which the daughter and her husband agreed to pay $50 per month for maintenance of the easement.

Appellee Phillips and her father purchased the two-acre parcel in 2013. Their warranty deed references the easement and the easement maintenance agreement. In 2016, appellant Scarborough purchased the Hunts' remainder from the Hunts, subject to the easement and the easement maintenance agreement.

In 2018, Scarbrough sued Phillips, alleging that her property's underground utility lines were not buried within the boundaries of the express easement and so amounted to a trespass. He sought an injunction requiring Phillips to remove the utility lines and to reinstall them within the easement area. He also sought damages for trespass, payment of the unpaid easement maintenance fees, and costs and attorney fees.

Phillips filed a counterclaim for a declaratory judgment, injunctive relief, and damages for nuisance and interference with her right of quiet enjoyment. She contended that she had an easement for the location of the utility lines.

The trial court appointed a special master, who ruled on the parties' cross-motions for summary judgment, finding in favor of Phillips. Scarbrough objected to his report (which is not in the record), and the trial court considered the summary judgment ruling de novo. The court held that Scarbrough was entitled to summary judgment on his claim for the recovery of missed $50 payments under the easement maintenance agreement. But the trial court held that Phillips was entitled to summary judgment on all of Scarbrough's other claims. Scarbrough filed this appeal.

2. *Phillips's property interest*

In ruling that Phillips has a property interest that allows the underground utility lines to remain in their current location on Scarbrough's property, the trial court held — and the undisputed facts show — that "the utilities placed upon [Phillips's] property have been in existence since 1996, twenty years before [Scarbrough] purchased his property. More importantly, the utilities — both the placement and

their right to exist — were wanted by the common owner of both the [Scarbrough and Phillips] properties. . . ."

Under these facts, Phillips has a property interest arising from a quasi-easement that allows her to maintain the utility lines in their current location:

> [a] quasi-easement is an easement implied from a prior or existing use. Under Georgia law, a quasi-easement arises when the owner of an entire tract uses one part of the tract for the benefit of another and thereafter the tract is divided so that the benefitted parcel, [the] quasi-dominant estate, is separated from the burdened parcel, [the] quasi-servient estate. If the quasi-dominant estate receives a benefit that is apparent, continuous, permanent in nature, and is necessary and beneficial to the enjoyment of the quasi-dominant estate, then an easement is implied from the prior use. . . . [T]he concept of quasi-easement has been applied in Georgia . . . in instances where an implied easement is necessary to provide water or other essential services to one parcel of property after partition of the tract by the . . . common owner.

*De Castro v. Durrell*, 295 Ga. App. 194, 198-199 (1) (671 SE2d 244) (2008) (citations and punctuation omitted).

The undisputed evidence shows that before the Hunts' transfer severing the unity of title, they used part of the united parcel for the benefit of another part by installing the underground utility lines across the parcel that is now Scarbrough's to

service the parcel that is now Phillips's. The undisputed evidence also shows that this use was continuous and permanent and, as detailed below, that Scarbrough had inquiry notice of that use. See *Rowland v. Woods*, 259 Ga. 832, 833 (1) (388 SE2d 684) (1990).

Phillips's right to maintain the underground utility lines in their current location

> is not dependent upon [the express easement nor] any prescriptive title to such easement, but passes to [her] by reason of the fact that the owner of the entire premises[, the Hunts,] had employed the portion now owned by [Scarbrough] so as to give to the portion now owned by [Phillips] an apparent benefit of a continuous nature, to the reasonable enjoyment of which the quasi-easement is necessary.

*Rowland*, 259 Ga. at 833 (1) (citation and punctuation omitted). "Such an easement, being appurtenant to the dominant estate, passes with it, although the conveyance thereof may not expressly mention the easement, or contain a general conveyance of the appurtenances of the estate. . . ." *Glore v. Haggard*, 38 Ga. App. 278 (143 SE 780) (1928) (citation omitted).

3. *Notice*

Whether Scarbrough took his property subject to Phillips's easement for the underground utility lines depends upon whether he had actual or constructive notice of its existence. See *Rowland*, 259 Ga. at 833 (1); *Mathis v. Holcomb*, 215 Ga. 488, 489 (1) (111 SE2d 50) (1959). Scarbrough argues that whether he had notice is a jury question. He argues that the trial court erred in holding that, as a matter of law, the recorded express easement referencing utility lines — without specifying their exact location — as well as the existence of above-ground power lines, power boxes, and Phillips's water meter outside the boundaries of the express easement put him on at least inquiry notice of the underground utility lines. We hold that the reference in the recorded express easement to utility lines without specifying their location placed Scarbrough on inquiry notice.

"For more than a century, it has been recognized that a purchaser of land in this state is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed." *Deljoo v. SunTrust Mtg.*, 284 Ga. 438, 439 (668 SE2d 245) (2008) (citations and punctuation omitted). It is undisputed that Scarbrough knew that Phillips had the right to maintain utility lines on his property. It is also undisputed that

8

he did not know the location of those utility lines when he purchased the property. These facts were sufficient to charge Scarbrough with inquiry notice. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led. Ignorance of a fact due to negligence shall be equivalent to knowledge in fixing the rights of parties." OCGA § 23-1-17.

4. *Remaining arguments*

Given our holding that the undisputed material facts demonstrate that Phillips has the right, arising from a quasi-easement, to maintain the underground utilities in their current location, we do not reach Scarbrough's remaining arguments.

*Judgment affirmed. Brown and Markle, JJ., concur.*